May Term,
1856.

BRANHAM
v.
THE FORT-
WAYNE AND
SOUTHERN
RAILROAD
COMPANY.

---

BRANHAM *v.* THE FORT-WAYNE AND SOUTHERN RAILROAD COMPANY.

In an action against a railroad company, a service of process on the president is, by the R. S. 1852, sufficient.

A judgment was set aside at the term at which it was rendered, on the defendants' motion, on the ground that they had received no actual notice of the suit, &c.; and the case was left standing on the complaint. Before any further proceedings were had, the plaintiff prosecuted an appeal to the Supreme Court. *Held*, that, under the R. S. 1852, the appeal would not lie.

Thursday,
June 5.

APPEAL from the *Decatur* Court of Common Pleas.

STUART, J.—Service of process by copy on the president and one of the directors of the road, and judgment for

want of an answer. Service on the president was good. 2 R. S., p. 35.

At the same term, the defendant filed an affidavit that at the time the copy was left, the president was absent from the state, and had no actual notice of suit until after the judgment was rendered. On this affidavit the defendant moved the Court to set aside the judgment, which the Court sustained—leaving the case standing on the complaint. This is the point of objection below and the error assigned here; and 2 Ind. R. 54, 289, 4 *id.* 618, and 5 *id.* 67 and 245, are relied on. It is insisted that the defendants should have shown merits in the defence.

But there is a preliminary question behind that. Was the plaintiff entitled to an appeal before the final determination of the Court below? We think not. It is from final judgments that an appeal lies. 2 R. S., p. 158.—*Farrel* v. *The State, ante,* p. 345. The order setting aside the judgment is not one of those interlocutory orders from which, by a different provision of the practice act, an appeal will lie to this Court before the final disposition of the cause. 2 R. S., p. 162.

There is, therefore, no case before us on this record.

*Per Curiam.*—The appeal is dismissed with costs.

*J. S. Scobey* and *W. Cumback,* for the appellant.