May Term,
1857.

REESE
v.
BECK.

---

## REESE v. BECK.

The error assigned in this case was, the suppression of a deposition. The language of the record is, that it was suppressed "for cause shown." *Held*, that the cause shown must be deemed sufficient, the contrary not appearing.
The party complaining of a decision must show it to be wrong.
The fact that a deposition appears to be regular, is not conclusive that it was improperly suppressed.
Except in the cases enumerated in section 576, 2 R. S. p. 162, an appeal to this Court can be taken only after final judgment; and the record must show the final disposition of the cause.

*Thursday,*
*June 4.*

APPEAL from the *Boone* Court of Common Pleas.

GOOKINS, J.—This was an action by *Reese* against *Beck*, for deceit in the sale of a horse.

On the defendant's motion in the Court below, a deposition taken by the plaintiff was suppressed. This ruling is assigned for error.

The record states the action of the Court thus: "And thereupon the defendant, for cause shown, moves the Court to suppress the deposition of *Silas Douthit*, which motion is sustained by the Court, and the said deposition

is suppressed; to which opinion of the Court, in sustaining said motion, the plaintiff excepts."

The appellant insists that, because the ground of objection to the deposition is not shown, the decision was erroneous. He is correct in the rule, but wrong in its application. In this Court the presumption is in favor of the action of the Court below. We have often decided that when evidence has been admitted over an objection, it furnishes no cause of reversal unless the ground of objection has been specified. Here, the deposition was suppressed "for cause shown." We must presume the cause shown was sufficient unless the contrary appears. The party complaining of a decision, must show it to be wrong.

The deposition is embodied in the record, and the appellant argues that it appears to be in all respects regular. If so, it does not help his case. Perhaps there were other grounds of objection, as that it came unsealed, or that it was written by the party or his attorney, or the like.

On the suppression of the deposition, the plaintiff appealed to this Court. If any disposition was made of the cause in the Court below, the record does not show it. In *Farrel* v. *The State*, 7 Ind. R. 345, it was held that an appeal would not lie from a similar order in a criminal cause (1). As cases of this kind are frequently brought before us, a more particular reference to the statute governing appeals in civil actions may be proper.

By 2 R. S. p. 162, s. 576, appeals are allowed from interlocutory orders for the payment of money; to compel the execution of an instrument of writing, or the delivery or assignment of securities, evidences of debt, documents, or things in action; for the delivery of possession of real property, or the sale thereof; granting or dissolving, or overruling a motion to dissolve, an injunction in term, and granting an injunction in vacation; and from orders and judgments upon writs of *habeas corpus*, made in term or vacation.

These are the only cases in which an appeal can be taken in a cause before it is finally determined; and, hence, the statute provides (2 R. S. p. 158, s. 550,) that appeals

may be taken from all final judgments, with certain exceptions.

Provision is made for bringing cases before the Supreme Court upon questions reserved, and for appealing from part of a judgment. Upon a question reserved, the appealing party must obtain an order of the Court to be indicated by the bill of exceptions, or set forth in the record, directing how much of the record shall be certified here, so that the question may be properly presented (2 R. S. p. 116, s. 347); but such reserved question is not to be brought up until final judgment has been given (*Id.* s. 348); and the record should show that judgment, because, without it, there is nothing for us to affirm or reverse.

It is also provided that an appeal may be taken by one or more parties, and that it may include all, or part only, of the judgment appealed from. 2 R. S. pp. 158, 159, ss. *551, 556. This was designed to adapt the practice* under the code to those cases in which, by the former chancery practice, a party could bring before an appellate Court for review, such parts of a decree as he conceived to be erroneous. In such case, if the appeal is taken in vacation, the appellant is required to procure from the clerk of the Court below a transcript of the record in the cause, or so much of it as he shall specify. *Id.* 159, s. 558. In such case, it will be incumbent on the appellant to see that the record he brings presents the case properly. As all presumptions are in favor of the action of the Court below, those presumptions will be freely indulged where the record is defective; and, at all events, it must show the final disposition of the cause.

As the record in this case does not show what disposition has been made of the cause, we have no jurisdiction, and the appeal must be dismissed.

*Per Curiam.*—The appeal is dismissed with costs.

*A. J. Boone* and *H. Shannon,* for the appellant.

(1) See, also, *Miller* v. *The State,* 8 Ind. R. 325; *Reese* v. *The State, id.* 416; *Woolley* v. *The State, id.* 377.