*D. Moss* and *J. W. Evans*, for the appellee.

————————

$$\frac{\begin{array}{cc} 12 & 477 \\ 146 & 290 \end{array}}{}$$

SPAULDING and Another *v.* THOMPSON and Others.

The neglect of an attorney employed to defend a suit, is the neglect of the party employing him; and a party will not be entitled to relief from a judgment by default, on account of such neglect, unless it be shown to have been excusable.

An appeal will not lie from an order setting aside a default and judgment.

APPEAL from the *Marshall* Court of Common Pleas.

WORDEN, J.—The appellants recovered judgment against the appellees, in the Court below, by default, at the *October* term, 1854.   Afterwards, at the *April* term, 1855, *Thompson* filed his affidavit setting out, amongst other things, that previously to the default, he had employed an attorney to attend to and make defense to the action; that he implicitly relied upon the attorney to attend to the suit, who, for some reason unknown to the affiant, wholly neglected to attend to the same, whereby judgment was rendered by default against him; and he prayed to be relieved from the judgment thus taken, as it was rendered against him through surprise, inadvertence, and the neglect of his attorney.

May Term,
1859.

HART
v.
THE INDIAN-
APOLIS, &C.,
RAILRO'D CO.

The Court granted the prayer, and set aside the default and judgment, and from this ruling the plaintiffs appeal to this Court.

These proceedings in setting aside the judgment, we suppose, were had under § 90 of the code, which authorizes the Court, in its discretion, at any time within one year, to "relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect." It is very questionable whether the mere neglect of an attorney employed to defend a cause, as in the case at bar, is an excusable neglect within the statute. It has generally been held that the neglect of an attorney employed by a party, is the neglect of the party himself; and without something being shown to render it excusable, we are not prepared to say that a party is entitled to relief.

But the appeal to this Court is premature. The order of the Court, setting aside the default and judgment, is not a "final judgment" from which an appeal lies to this Court. Code, § 550.—*Branham* v. *The Fort Wayne and Southern Railroad Co.*, 7 Ind. R. 524. The questions involved being saved by a proper exception, when the cause shall be finally disposed of, all the points thus saved come up together. *Woolley* v. *The State*, 8 Ind. R. 377.

*Per Curiam.*—The appeal is dismissed with costs.

*J. W. Chapman* and *J. B. Merriwether*, for the appellants.