Martindale *v.* Brown and Others.

---

MARTINDALE *v.* BROWN and Others.

In an application to be relieved against a judgment, the judgment plaintiff is entitled to notice of the application.

An appeal to this Court from a mere interlocutory order is premature and should only be taken from a final judgment.

APPEAL from the *Benton* Common Pleas.

HANNA, J.—Suit on note; judgment by default. Near a year afterwards the appellant moved the Court, on affidavit filed, to be relieved from said judgment. The Court ordered the same to be set aside, and extended the time for defendant until the next term. At that term the plaintiffs appeared and moved the Court, in writing, to set aside said order for several causes; among them, that they were not notified of the motion at the previous term. The motion was sustained, the order set aside, and the judgment "reinstated," and a judgment against appellant for the costs at that and the previous

term. This ruling was excepted to, and the case brought here to reverse it.

Unless the rendition of the judgment for costs can be considered as a final decision of the original motion for relief, that motion is still pending, so far as this record shows. If that is so then, perhaps the order of the Court directing the former order, as to the default, &c., to be set aside, should be viewed as a mere interlocutory order from which no appeal lies. Under this view, the original motion should, at the proper time, have been pressed to a decision, and the exeeptions taken to the rulings on that. As it is, there is nothing properly before us, and we could no more than intimate an opinion upon the points attempted to be presented, to the effect that, perhaps, the party was entitled to notice of the motion to set aside the default. We decide nothing as to whether the relief sought could, in that form, be granted after the expiration of a year from the date of the judgment.

*Per Curiam.*—The appeal is dismissed, with costs.

*Brown & Parke,* for the appellant.