*S. P. Oyler* and *D. W. Howe.* for appellant.

*C. F. McNutt* and *G. W. Grubbs,* for appellee.

———◆———

## Bishop, Administrator, *v.* Welch.

ADMINISTRATOR.— *Witness.*—In a suit where judgment is sought against the administrator of an estate, and the answer brings the defense within the exception of the statute relating to a case where an action is brought by an heir upon a contract made with the ancestor, the plaintiff is not a competent witness, unless called by the administrator or the court.

EVIDENCE OF SETTLEMENT.—Where a claim was filed against an estate for work and labor done, for money had and received by, and services and attendance upon, the deceased during his sickness; and the defense was that the work and labor and money and services were performed and paid under a valid contract; and under plea of set-off promissory notes were offered in evidence, given by the person presenting the claim to the decedent at various times

during the period for which he demanded compensation for labor and attend-
ance, it was the duty of the court to instruct the jury that these notes were
*prima facie* evidence of a settlement between the claimant and the deceased.

WITNESS.—*Admissions.*—The claimant was not a competent witness to disprove
the making of admissions by him, testified to by a third party, that such a
contract existed as was set out in the answer.

APPEAL from the Hamilton Common Pleas.

BUSKIRK, J.—The appellee filed in the court below a claim
against the estate of William Bishop, deceased.   The claim
was for work and labor done and performed, personal prop-
erty sold and delivered, money loaned and money had and
received, and for personal attendance upon the deceased
during his protracted sickness.   A bill of particulars was
filed.   The claim amounted to three thousand one hundred
and seventy dollars.   The credits given amounted to sixteen
hundred and sixty-eight dollars, leaving a balance due of
fifteen hundred and two dollars.   There was attached to the
claim an affidavit as to its correctness.   The administrator
refused to allow the claim.   It was transferred to the issue
docket.

The appellant, as administrator of said estate, filed an
answer in four paragraphs.   1. The general denial.   2. That
there was a contract between the decedent and the plaintiff,
by which plaintiff had obligated himself to keep, feed,
clothe, and provide for the decedent and his wife, for and
during their natural lives, everything that was necessary for
their use, comfort, and enjoyment, and in consideration
thereof the plaintiff was to have the use and enjoyment of
the farm of the decedent during such period of time; that
all the work done and money paid by the plaintiff, as set
out in his claim, was done and paid under and in pursuance
of the said contract.   3. Payment.   4. Set-off; with the plea
of set-off was filed a bill of particulars.   Among the items
were several notes executed by the plaintiff to the decedent,
at different times, but during the time for which the plaintiff
claimed for services.

The cause was tried by a jury, resulting in a verdict for
the plaintiff for eleven hundred and sixty-eight dollars and

forty-seven cents. A motion for a new trial was overruled, and judgment was rendered on the verdict. Various reasons were assigned for a new trial, and quite a number of errors are assigned; but two are insisted on in the argument, and they will be considered, and the others will be regarded as waived.

The first alleged error consists in the admission of illegal and incompetent evidence. The appellant, to sustain the allegations contained in the second paragraph of his answer, introduced one William F. Noble, who testified to a conversation between the decedent and plaintiff in reference to the contract relied upon. The evidence strongly tended to establish a contract. When the plaintiff came to his rebutting testimony, he offered himself as a witness to testify in reference to the conversation testified to by the said Noble and the making of the said contract. The court, over the objection of the appellant, permitted the plaintiff to testify in reference to such matters. The plaintiff was an incompetent witness, under two exceptions to the statute rendering parties competent to testify. This was a suit against an administrator upon a claim against the estate of the decedent, in which a judgment was sought against the administrator. The matters set up in the second paragraph of the answer brought the defense within the exception where an action was brought by an heir upon a contract made with the ancestor. It is quite clear that the appellee was an incompetent witness, and that the court erred in permitting him to testify. The plaintiff could have been rendered competent as a witness, if he had been required to testify either by the administrator or the court, but such was not the case in this action. The plaintiff offered himself as a witness, and claimed the privilege to testify as a matter of right.

The next error assigned is based upon the refusal of the court to instruct the jury as requested by the appellant. The appellant asked the court to charge the jury, that the giving of the notes by the plaintiff to the decedent, as alleged in the answer, and shown by the testimony, was *prima facie*

evidence of a settlement of accounts existing between the parties at the dates of giving such notes. We think the instruction should have been given. The execution of a note raises a presumption of a settlement, but this is not a conclusive presumption, but may be overcome by evidence showing that the claim sued upon was not included in the settlement, or that the note was given upon another and different consideration.

The judgment is reversed, with costs; cause remanded, with directions to the court below to grant a new trial, and for other proceedings, in accordance with this opinion. '

*J. O'Brien* and *W. O'Brien,* for appellant.

*D. Moss,* for appellee.