PLEASANTS *v*. THE VEVAY AND MOOREFIELD TURNPIKE COM-
PANY.

APPEAL.—*Restraining Order.*—No appeal lies from an order made by a judge in vacation dissolving a restraining order.

APPEAL from an interlocutory order of the judge of the Switzerland Circuit Court, made in vacation, dissolving a restraining order.

BUSKIRK, J.—The appellee has moved to dismiss the appeal in this cause, upon two grounds :

1. That the restraining order was only temporary, from which no appeal would lie, and that consequently an appeal would not lie from an order made even in term dissolving such order.

2. That the appeal in this case was taken from an order made in vacation dissolving such temporary restraining order.

Appeals to the Supreme Court only lie from final judg-

ments, except in the cases enumerated in section 576 of the code. Section 550, 2 G. & H. 269. See the cases collected in note *g*, p. 270, 2 G. & H.

Section 576 is as follows :

" Sec. 576. Appeals to the Supreme Court may be taken from an interlocutory order of any court of common pleas, or circuit court, or judge thereof, in the following cases :

" 1. For the payment of money ; to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents, or things in action.

" 2. For the delivery of possession of real property, or the sale thereof.

" 3. Granting or dissolving, or overruling motions to dissolve, an injunction in term, and granting an injunction in vacation.

" 4. Orders and judgments upon writs of habeas corpus, made in term or vacation."

It should be observed that an appeal is given from an interlocutory order " granting or dissolving, or overruling motions to dissolve, an injunction in term." Before an appeal lies, there must be either an injunction granted in term or vacation, or an injunction must be dissolved in term, or a motion to dissolve an injunction must be overruled in term. No appeal lies from the refusal of the judge, in vacation, to grant an injunction, or for dissolving, in vacation, an injunction, or for overruling, in vacation, a motion to dissolve. The only case in which an appeal lies to this court, under the third clause of said section, from an order made in vacation, is for granting an injunction.

An appeal will not lie to the Supreme Court from the action of the court or judge below in granting a temporary restraining order.

There is a material distinction between a restraining order and an injunction. The former is limited in its operations, and extends only to such reasonable time as may be necessary to notify the opposite party ; while the latter cannot be

granted unless upon notice, is said to be the strong arm of the court, and should never be resorted to but upon necessity.

In the case under consideration, the judge, at chambers, on the 4th day of August, 1871, granted a preliminary restraining order, which was only to operate until notice could be given of an intended application for an injunction; and on the 25th day of September, 1871, the judge, by an order made in vacation, dissolved the temporary restraining order, and from the order the appeal was taken.

It is manifest from what we have said that no appeal lies from such an order. Such has been the uniform ruling of this court. *Woolley* v. *The State*, 8 Ind. 377; *Reese* v. *Beck*, 9 Ind. 238; *The Cincinnati, etc., R. R. Co.* v. *Huncheon*, 16 Ind. 436; *Ewald* v. *Coleman*, 19 Ind. 66; *Spaulding* v. *Thompson*, 12 Ind. 477.

The appeal is dismissed, at the costs of the appellant.

*H. A. Downey, G. W. Mendell, H. W. Harrington,* and *C. A. Korbly,* for appellant.

*W. R. Johnston,* for appellee.