## WOOD *v.* WOOD ET AL.

APPEAL.—*Decedents' Estates.*—A judgment setting aside an order of distri-
bution of the surplus on the settlement of a decedent's estate is not a
final judgment, and an appeal will not lie therefrom to the Supreme
Court.

From the Fountain Circuit Court.

*G. McWilliams* and *J. Ristine,* for appellant.

*J. W. Copner, S. F. Wood* and *H. H. Dochterman,* for
appellees.

BIDDLE, C. J.—John Wood made his will, in which he
made certain provisions for his wife, Nancy Wood. After
the death of John, Nancy renounced her rights under the
provisions of the will, and elected to take under the law of
descents. On her petition, the court ordered the clerk to pay
to her one-third of the moneys in his hands, collected for dis-
tribution. Under this order, she received one thousand six
hundred and eighty-three dollars and forty cents. After-
wards, the heirs of John Wood, the appellees, filed a com-
plaint, alleging various grounds, praying the court to set
aside the order of distribution, and requiring her to pay back
the money so received. Several paragraphs of answer were
filed, all of which were finally withdrawn, except the "first
and last paragraphs," to which demurrers were sustained for
want of sufficient facts, and exceptions taken.

The record then goes on to say, that "the cause being sub-
mitted to the court for trial, the court finds that plaintiffs
ought to have judgment against the defendant, setting aside
the order of distribution heretofore made."

Judgment was rendered accordingly, that the order "be
set aside and held for nought," and for costs against the appel-
lant.

From this judgment the appellant appeals to this court.

We do not think it is a final judgment, from which an
appeal will lie.

In a late case, *Goodwin* v. *Goodwin,* 48 Ind. 584, it was

held that no appeal would lie from a partial settlement of an administrator or executor.

The judgment in this case has no other effect than to set aside the order of distribution, leaving the estate of John Wood as though no distribution had been made. It is merely granting a rehearing on the order of distribution.

We cannot decide whether the court has erred or not. Perhaps on a rehearing and a final distribution there may be nothing in the record of which the appellant will desire to complain. *Farrel* v. *The State*, 7 Ind. 345; *Branham* v. *The Ft. Wayne, etc., R. R. Co.*, 7 Ind. 524; *Miller* v. *The State*, 8 Ind. 325; *Woolley* v. *The State*, 8 Ind. 377; *Reese* v. *The State*, 8 Ind. 416; *Reese* v. *Beck*, 9 Ind. 238; *The State* v. *Ely*, 11 Ind. 313; *Spaulding* v. *Thompson*, 12 Ind. 477; *Martindale* v. *Brown*, 18 Ind. 284; *The State, ex rel. Nave,* v. *Wilson, ante,* p. 96.

The appeal must be dismissed.    Judgment accordingly.