## BISHOP, ADMINISTRATOR, *v.* WELCH.

PRACTICE.—*Supreme Court.—Weight of Evidence.*—Where the evidence given on the trial of a cause is conflicting, the supreme court, on appeal, will not disturb the finding or verdict.

SAME.—*Evidence.—Objection to.*—Where the grounds of objection to evidence admitted on the trial of a cause do not appear from the record on appeal, the supreme court can not examine the correctness of such ruling.

SAME.—*Exclusion of Evidence.*—Where, on appeal to the supreme court, it does not affirmatively appear from the record that written evidence, offered on the trial of a cause and excluded, was competent, such exclusion is not available as error.

SAME.—*Instructions to Jury.*—Where a party to a cause on trial has asked the court to instruct the jury generally and orally, and also asks such court to give a certain instruction presented by such party, he can not complain that such court gave such instruction, modified, in writing, in such manner that both that asked and the modification thereto fully appeared so that exception could be taken to either or both, nor because, as he alleges, the court did not fully instruct the jury.

SAME.—*Motion for New Trial.—Bill of Exceptions.*—A motion for a new trial is part of the record on appeal, without a bill of exceptions, but the truth of the grounds of such motion must appear by a bill of exceptions, unless otherwise shown.

From the Hamilton Common Pleas Court.

*W. O'Brien* and *R. Graham*, for appellant.

*J. W. Evans* and *R. R. Stephenson*, for appellee.

PERKINS, J.—This is the second appearance of this case in the supreme court. See *Bishop* v. *Welch*, 35 Ind. 521. On the return of the cause from this to the court below, it was again tried, the trial resulting in a verdict and judgment for the appellee, from which judgment the pending appeal was taken.

All the alleged errors assigned in this court, except that that the court erred in overruling the motion for a new trial, are but specifications of the grounds why, in the opinion of the counsel, a new trial should have been granted, and found a proper place in the motion for a new trial.

It is objected that the verdict of the jury is unsustained

by the evidence. The evidence is conflicting. We can not say that it does not sustain the verdict.

It is claimed that the court erred in permitting certain testimony, over appellant's objection, to be given to the jury; but no ground of objection to its admission was stated to the court. It is important to the fair, expedi-. tious and economical administration of justice that the rule of practice be adhered to, of requiring the grounds of objection, in such cases, to be pointed out to the court at the time the objection is made, so that the court may have its attention directed to them before deciding upon the objection: and it is no hardship upon the attorney trying the cause. If he makes an objection, it is but reasonable to suppose he has a reason or reasons for it. He is presumed to have studied his case so that he understands it at the trial, and the evidence which would be legitimate or otherwise on its trial, while the court has not had the opportunity to familiarize itself with it.

Should the rule be recognized as correct, of objecting without assigning the particular ground or grounds of objection, it would necessarily be upon the theory that the judges of the courts approach so near to legal omniscience that they can at once perceive the relation of whatever is brought before them to every phase of the case on trial, and therefore need no aid in arriving at a correct decision. This theory would be incorrect, and it would lead, in practice, to these results; that counsel might conceal the grounds of objection so as to become an accessory to the commission of an error by the court, whereby he might, at much cost, perhaps, to the parties, prolong litigation by appeal, reversal, etc.; or that the counsel, knowing at the time no ground of objection, but thinking by post-trial study he might find one which should have been found by study prior to the trial, if it existed. The public interest demands that such practice should not be encouraged.

The appellant offered to give the inventory, as it is

called, of the administrator in the case in evidence, but it was excluded. Why, is not stated. It may have been for matters appearing on its face or for other good reason. When the court refuses to admit in evidence a paper offered, it should be made affirmatively to appear by the bill of exceptions that the paper was competent. *Reese* v. *Beck*, 9 Ind. 238. We can not say, from what appears in the record, that the court erred.

It is objected that the court gave a qualification to a written instruction asked and given. It did so, but gave it as required by statute, in writing, and in such a manner that it distinctly appeared what the instruction asked and given was, and what the qualification or modification was, so that each could be separately excepted to or shown in a joint exception to both. 2 R. S. 1876, p. 168.

The appellant asked the court to give general oral instructions to the jury; this was made the duty of the court by statute, and the court discharged it, but the appellant insists that the court did not instruct enough.

We can not say that, taken in connection with the written instructions given, the court failed in its duty in giving instructions.

It is sometimes injudicious to say a great deal, Much must be left to the discretion and judgment of the *nisi prius* court as to the length to which instructions should be extended in each particular case; whether it will be more judicious to say much or little; how much the case itself, considering the number of questions arising in it and all the circumstances surrounding it, requires should be said. Besides, the appellant might have supplied the deficiency, if there was any, by presenting instructions himself. Perhaps no other rule can be laid down than this; the instructions should give to the jury every principle of law necessary to be applied in reaching a correct verdict in the case.

The appellee contends that the motion for a new trial

is not a part of the record, because not embraced within the bill of exceptions. In this he is mistaken. The motion for a new trial, being, as it must be, in writing, becomes a part of the record as a paper filed in the cause. *Kirby* v. *Cannon*, 9 Ind. 371. But the truth of the grounds of the motion must appear in a bill of exceptions unless they otherwise appear.

Judgment in favor of the plaintiff has resulted in each of two successive trials. We see no ground on which to reverse the second.

Affirmed, with costs.