## Owen *v.* Owen, Adm'r.

Decedents' Estates.—*Descents.—Adultery of Wife.—Allowance of Widow.*— Where a wife has abandoned her husband, and, at the time of his death, is living in adultery, the 32d section of the statute of descents prevents her from taking the personal property otherwise allowed by statute to the widow.

Supreme Court.—*Practice.—Bill of Exceptions.*—The truth of matter alleged as cause for a new trial must, on appeal to the Supreme Court, be shown by a bill of exceptions, unless it otherwise appears.

From the Hendricks Circuit Court.

*J. H. Goodwin*, for appellant.

*L. M. Campbell*, for appellee.

Worden, J.—Jennie A. Owen filed her claim against the estate of the deceased, claiming as his widow the sum of five hundred dollars, the amount allowed by law to widows of deceased persons.

The administrator answered, that the said Jennie was the widow of the deceased, but that she had abandoned

her said husband before his death, and was, at the time of his death, living in adultery with one James Miller; wherefore, etc.

The plaintiff demurred to this answer for want of sufficient facts, but the demurrer was overruled, and she excepted.    Reply in denial, trial by jury, verdict and judgment for the defendant.

Errors are assigned upon the ruling on the demurrer, and in overruling a motion for a new trial.

. The question arising on the demurrer is, whether a woman who abandons her husband in his lifetime, and is, at the time of his death, living in adultery, is entitled to the five hundred dollars allowed by statute to widows generally.

The statute of descents, approved May 14th, 1852, provides, that, " If a wife shall have left her husband, and shall be living at the time of his death, in adultery, she shall take no part of the estate of her husband."    1 R. S. 1876, p. 413, sec. 32.

Section 21 of the same statute provides, that a surviving wife should be entitled in certain cases to three hundred dollars, before distribution.

Then the act providing for the settlement of decedents' estates, approved June 17th, 1852, provided, that a widow might select property appraised not to exceed in value three hundred dollars. 2 G. & H., p. 495, sec. 43.    The section last cited was amended in 1869, so as to give the widow five hundred dollars in property at its appraised value, or in money out of the first received by the administrator.    It was again amended in 1871, making the amount payable out of real estate, in case of a deficiency of personal, and payable in the same order in which judgments and mortgages are payable.    See 2 R. S. 1876, p. 507, sec. 43.

None of these statutes providing for surviving wives repeal, expressly or by implication, the 32d section above set out, on the subject of descents.    The law of de-

scents and that regulating the settlement and distribution of estates are upon the same general subject, and may well be construed together. And construing them together, letting the provisions of each stand as far as possible consistently with the evident purpose and design of the whole, it is clear that a surviving wife is not entitled to the five hundred dollars if she come within the provision in section 32 of the act on the subject of descents. We are of opinion, taking the statutes altogether, that it was not the intention of the Legislature to give the surviving wife the five hundred dollars in case she had left her husband and was living, at the time of his death in adultery, and, therefore, that the court committed no error in overruling the demurrer to the answer.

No question arises on the motion for a new trial. The evidence is not in the record, nor is there any bill of exceptions. One of the causes assigned for a new trial was, that the court excluded the plaintiff as a witness in her own behalf, when offered to prove certain matters set out. But the truth of the cause assigned for a new trial must be made to appear by a bill of exceptions, unless it otherwise appears. *Bishop* v. *Welch*, 54 Ind. 527. There is nothing in the record showing the truth of the cause assigned for a new trial.

The judgment below is affirmed, with costs.