Slagle v. Bodmer et al.

---

## SLAGLE v. BODMER ET AL.

SUPREME COURT.—Appeal.—Judgment.—Ruling on Demurrer.—The sustaining of a demurrer to a complaint, without any further action thereon by the court, is not a final judgment from which an appeal lies to the Supreme Court.

SAME.—Dissolving Injunction.—Where no exception is taken to an order dissolving an injunction, no question in relation thereto can be presented to the Supreme Court, on appeal.

From the Shelby Circuit Court.

*J. B. McFadden,* for appellant.

BIDDLE, C. J.—Complaint by the appellant, for relief from a judgment taken against him by the appellee, on the ground of excusable neglect.

A demurrer to the complaint, for the want of sufficient facts alleged to constitute a cause of action, was sustained, and exception taken.

The appellees then moved to dissolve the temporary injunction " granted the plaintiff herein." Upon this condition of the record, the transcript shows the following action of the court:

" Come the parties, by their attorneys, and the court, having duly considered the defendant's demurrer to the complaint, sustains the same, to which ruling and opinion of the court the plaintiff at the time excepts.

"And thereupon the defendants move the court to dissolve the temporary injunction granted the plaintiff herein on the 12th day of May, 1874, which motion is by the court sustained; and it is now here ordered by the court, that said injunction be, and the same is hereby, dissolved and set aside."

Then follows the clerk's certificate to the transcript.

The only assignment of error in this court is in the following words:

" That the court erred in overruling defendant's motion for a new trial herein."

There is no motion for a new trial in the record.

Sustaining a demurrer to a complaint, without any further action of the court upon it, is not a final judgment from which an appeal to this court will lie.

There was no exception taken to the action of the court in sustaining the motion to dissolve the injunction; hence no question is raised upon the interlocutory order.

As to what is a final judgment, from which an appeal to this court will lie, see the following cases: *Reese* v. *Beck,* 9 Ind. 238; *Pigg* v. *The State,* 9 Ind. 363; *The State* v.

*Ely,* 11 Ind. 313; *Spaulding* v. *Thompson,* 12 Ind. 477; *Martindale* v. *Brown,* 18 Ind. 284; *Cravens* v. *Chambers,* 55 Ind. 5.

The appeal must be dismissed, at the costs of the appellants.