Brannock *et al. v.* Stocker, Administrator.

No. 8321.

BRANNOCK ET AL. *v.* STOCKER, ADMINISTRATOR.

PRACTICE.—*Demurrer.*—*Judgment.*—*Appeal.*—The sustaining of a demurrer to a complaint, without any further action thereon, is not a final judgment from which an appeal lies to the Supreme Court.

DECEDENTS' ESTATE.—*Choses in Action.*—So long as a decedent's estate remains unsettled, and the choses in action are in the hands of the administrator, he is entitled to reduce them to money by suit or otherwise.

From the Madison Circuit Court.

*J. A. Harrison, R. Lake, W. March* and *E. P. Schlater,* for appellants.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

NEWCOMB, C.—The appellee, as administrator with the will annexed of the estate of James Brannock, deceased, brought suit against the appellant Anderson Brannock, upon a promissory note executed to the testator in his lifetime, and upon another note executed to the plaintiff as such administrator. On the verified petition of Sally Brannock, the widow of the deceased, she was admitted as a party to the suit, and thereupon she filed her cross complaint, in which she set forth certain provisions of the will of James Brannock, by which a life-estate was given her in all the property, real and personal, of said testator, after the payment of his debts and the costs of administration, and by which it was provided that, after her death, "all the means, rights, credits and effects, property, real and personal," should be sold, and, after paying $200 to James Brannock, Jr., a nephew, the residue should be equally divided between the brother, Anderson Brannock, and the sisters of the testator. The cross complaint then charged that all the debts and costs of administration had been paid, leaving in the hands of the administrator a surplus of $1,200 in money; that the distributive share of Anderson Brannock in the estate, after her death, would exceed the amount due on the notes in

suit; that more than three years had elapsed since the issue of letters of administration to the plaintiff; that, by the terms of said will, she was entitled to said notes, and had repeatedly demanded them of the plaintiff, as well as the money in his hands, but he had refused to deliver the same or to pay her any of said money; that his purpose in prosecuting said suit was to harass herself and said Anderson, and to reduce said notes to money and convert the same to his own use. Prayer for judgment for $2,000, and that the administrator be ordered to pay and deliver to her all the property, money and effects of the deceased in his hands as administrator, and for all proper relief.

Anderson Brannock filed an answer setting up substantially the same matters embraced in the cross complaint.

Demurrers were sustained to the cross complaint and answer, and, on his refusal to plead further, final judgment was rendered against Anderson Brannock for the amount due on the note. As to the cross complaint of Sally Brannock, the record states that the demurrer to it was sustained, to which ruling she excepted, and that is all. No final judgment disposing of the cross complaint was rendered. Anderson Brannock appealed and executed an appeal bond, as required by the court. Sally Brannock has joined him in assigning errors; but, as no judgment was rendered against her, she has improperly joined, and the appeal must be treated as that of Anderson alone. The sustaining of a demurrer to a complaint, without any further action thereon by the court, is not a final judgment, from which an appeal lies to this court. *Slagle* v. *Bodmer*, 58 Ind. 465, and cases there cited.

In the state of the record, the question of the right of the life legatee to demand of the administrator possession and control of the assets of the estate, is not before us; but it is clear, that, so long as the estate remains unsettled, and the choses in action are in the hands of the administrator,

he is entitled to reduce them to money, by suit or otherwise. It is provided in section 151 of the act for the settlement of decedents' estates, 2 R. S. 1876, p. 546, that "Every executor or administrator shall have full power to maintain any suit in any court of competent jurisdiction, in his name as such executor or administrator, for any demand of whatever nature due the decedent in his lifetime."

The answer of Anderson Brannock was insufficient, and the judgment against him should be affirmed, and the appeal of Sally Brannock be dismissed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below against the appellant Anderson Brannock be and it is hereby in all things affirmed, and that the appeal of the appellant Sally Brannock be dismissed, all at the costs of said appellants.