Hines *et al. v.* Driver.

*ↄ ɉ*                    10,644.

## HINES ET AL. *v.* DRIVER.

JUDGMENT.—*Appeal.*—*New Trial.*—*Statutes Construed.*—*Cases Overruled.*—An
    order granting a new trial on complaint for causes after the term, as
    provided by section 563, R. S. 1881, is a final judgment within the mean-
    ing of section 632, and an appeal therefrom lies to the Supreme Court.
    *House* v. *Wright*, 22 Ind. 383, and *White* v. *Harvey*, 23 Ind. 55, overruled.
STARE DECISIS.—*Practice.*—The rule of *stare decisis* should restrain a court
    of last resort from correcting mistakes by overruling its former decisions,
    only where such decisions have become recognized rules of property.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellants.

*T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord,
A. Baker* and *E. Daniels,* for appellee.

NÌBLACK, J.—At the November term, 1881, of the court
below, in an action on a promissory note, in which James F.
Driver, the appellee, was plaintiff, and William Hines, Jr.,
and William Hines, Sr., the appellants, were defendants.
There was a verdict and judgment against the plaintiff, in
favor of the defendant William Hines, Jr., upon a counter-
claim filed by him, for the sum of $160.

On the 24th day of August, 1882, the appellee filed in the
Hamilton Circuit Court a complaint, setting out the proceed-
ings which resulted in the verdict and judgment against him
as above, and demanding a new trial of the cause, upon the
ground that he had discovered new and material evidence since
the close of the term at which the judgment was rendered.

The appellants answered in general denial, and the issue
thus formed was submitted to the court for trial at its No-
vember term, 1882.    After hearing the evidence, the court
made a finding for the plaintiff, and caused a judgment to be
entered setting aside the judgment in the original action and
granting a new trial in the cause; also ordering the clerk to
reinstate the original action upon its docket, so as to make it
stand for another trial at its ensuing term.

The appellants have assigned error upon these proceedings, and the appellee has moved to dismiss the appeal for the alleged reason that the judgment herein appealed from is, in legal effect, only an interlocutory order, and not of the class of interlocutory orders from which an appeal may be taken to this court under section 646, R. S. 1881.

In response to that motion, the appellants maintain that the judgment sought to be reversed is a final judgment within the meaning of section 632, R. S. 1881, *supra*, and, consequently, a judgment from which an appeal may be prosecuted, as in case of any other final judgment.

Freeman on Judgments says: " When, in an action to set aside a judgment, the court grants the prayer of the complaint and awards a new trial, the order setting aside the judgment is a final judgment, and as such may be appealed from. The whole scope and object of the suit being to vacate the former judgment, and to procure a new trial, and the issues all being made up for that purpose, their determination necessarily puts an end to the suit." Section 18.

In the case of *McCall* v. *Hitchcock*, 7 Bush, 615, the Court of Appeals, in the State of Kentucky, held that a judgment vacating and setting aside a former judgment, under sections 579 and 581 of the civil code of that State, is final, and subject to appeal and revision in that court.

That case was, in all essential respects, a parallel one to this, and in its opinion upon a motion to dismiss the appeal upon the same ground as in this case, the court said:

" It is conceded by the appellee's counsel that no appeal will lie, under section 15 of the civil code, from an order granting or refusing a new trial, upon a motion in the same action, made in the usual mode under sections 369, 371, and 372 of the code; but it is contended that the judgment appealed from being the termination of a new and distinct action, litigating the right of the appellee to enforce his judgment in the previous action, which right was divested by the last judgment, the principles on which judgments or orders

made upon ordinary motions for a new trial have been held not to be final have no proper application in this case.

" We regard this distinction as correctly taken. The judgment is not a mere interlocutory order, subject to be set aside by the same court at a subsequent term, nor simply a ministerial act; nor could it be revised, as an ordinary decision of a motion for a new trial may be, on an appeal from the judgment in the original action; but it is the final adjudication of important rights, litigated in a separate and independent suit, and is therefore properly brought before this court by this appeal for revision."

The case of *Belt* v. *Davis,* 1 Cal. 134, holds substantially the same doctrine, and is cited by Freeman, *supra,* as a leading case on the subject to which it relates.

As we construe them, the following cases decided by this court inferentially sustain the views expressed as above : *Mc-Kee* v. *McDonald,* 17 Ind. 518; *Glidewell* v. *Daggy,* 21 Ind. 95; *Huntington* v. *Drake,* 24 Ind. 347; *Houston* v. *Bruner,* 39 Ind. 376; *Sanders* v. *Loy,* 45 Ind. 229; *Hiatt* v. *Ballinger,* 59 Ind. 303; *Hill* v. *Roach,* 72 Ind. 57; *Kitch* v. *Oatis,* 79 Ind. 96.

The cases of *House* v. *Wright,* 22 Ind. 383, and *White* v. *Harvey,* 23 Ind. 55, support the theory upon which the motion to dismiss this appeal is based; but, in our judgment, those were not well considered cases, and ought not to be followed. They are against the evident weight of authority, and, as has been seen, inconsistent in principle with a long line of other cases in this court.

The motion to dismiss this appeal is overruled.

### On Petition for a Rehearing.

Niblack, C. J.—The appellee's petition for a rehearing is accompanied by an elaborate review of the authorities cited as supporting the conclusion reached by us in overruling the motion to dismiss this appeal, and by a carefully prepared argument in opposition to the conclusion thus reached.

It is urged that the opinion announced as above will, if adhered to, not only expressly overrule the cases of *House* v. *Wright* and *White* v. *Harvey*, referred to by it, but will also impliedly overrule other early cases decided by this court, and be against the current of authority in other States; that public policy requires that courts shall avoid instability in their decisions as far as possible, citing *Harrow* v. *Myers*, 29 Ind. 469, and that neither public policy nor the ends of justice will be promoted by adhering to the conclusion reached at the former hearing. It is true that indecision, instability and inconsistencies in judgment ought to be carefully guarded against by all courts, and especially courts of last resort, and that by a want of care in these respects the standing and influence of a court may be greatly weakened in public estimation. But, unfortunately, there is no court within our knowledge, which has had an existence for any considerable length of time, that has not felt constrained, under the pressure of a more careful or a more extended examination, to overrule cases previously decided by it.

In the administration of justice, as in all human affairs, there are currents and counter-currents, resulting from ceaseless enquiry and discussion, which carry us sometimes in one direction and then again in another, and which often urge us beyond the limit which precedent has prescribed for us. This not unfrequently leads either to the modification or the abrogation of old rules of practice or of decision, and to the substitution of others more in accordance with the teachings of experience. Because of the uncertainty which these new departures are likely to impress upon the public mind, they are usually the subject of regret, but they are none the less seemingly inevitable. When a court comes to the deliberate conclusion that it has made a mistake upon some former occasion, it is generally better, looking to future permanency and repose, that it shall frankly acknowledge its mistake and declare the true doctrine as it should have been at the time announced. When, however, a decision has become an established rule

of property it is never overthrown except from the most urgent considerations of public policy. To that extent only are the courts ordinarily restrained from attempting to repair mistakes which they may have made.

New departures in matters of practice, as well as in the application of legal principles, are more likely to occur under a code largely experimental in its inception, and in a court like ours, where the *personnel* of the tribunal necessarily undergoes frequent, and sometimes radical, changes. But the earlier cases relied upon by the appellee are not for the first time overruled in this case. They have been in effect overruled by several more recent cases, cited in the original opinion, and can not be now followed without overruling these more recent, and, as we think, more carefully considered, cases.

Much of the apparent conflict between the cases referred to in argument has arisen from a failure to observe the essential difference between an application for a new trial made during the term, and an independent proceeding to obtain a new trial instituted after the close of the term. In the first case, the order which disposes of the application is only an interlocutory order, subject to the control of the court until final judgment, and only capable of being reviewed in connection with other proceedings in the cause in which it was made. In the latter case, the proceeding being an independent one and having but a single object in view, the order which makes a final disposition of the cause is necessarily a final order, and hence a final judgment, within the meaning of section 632 of the civil code.

The appellee concedes that in the latter case the applicant may appeal to this court when a new trial is refused, but insists that the respondent can not appeal when a new trial is granted. We fail to observe any sufficient reason for such a distinction. To enable us to allow an appeal in the one contingency, and to refuse it in the other, would require us to consider the proceeding an independent one for some purposes and an interlocutory one merely for other purposes, which

would be in opposition to many of the decided cases cited by us in the opinion, which have held it to be in all respects an independent proceeding.

We agree that appellate courts are reluctant to reverse a case upon the ground that a new trial has been improperly granted, upon the theory that the granting a new trial rests largely in the discretion of the *nisi prius* court, and upon the ground that the erroneous granting of a new trial is likely to be ultimately less injurious than the erroneous refusal of a new trial.

But the discretion vested in the *nisi prius* court is a judicial discretion, and will be reviewed when a proper case is presented. The right of appeal from a final judgment granting a new trial is in no manner abridged because of the large discretion reposed in that respect in the *nisi prius* court.

Before the right to grant a new trial in a cause became a conceded right, it was not an unusual thing for parties feeling themselves aggrieved to institute a suit in chancery to obtain a new trial in an action at law. It will, we assume, not be pretended that the decree which was ultimately entered in such a suit, upon the merits of the controversy, was not in all respects a final decree in that cause. The proceeding provided for after the close of the term by section 563, R. S. 1881, under which the complaint in this case was filed, is quite analogous to, and is practically a substitute for, a suit in chancery for a new trial, and the final order in such a proceeding is the equivalent of the final decree in such a suit in chancery.

When, therefore, under this statutory proceeding, a party has been deprived of the benefit of a judgment which he has obtained, he may appeal to this court and invoke its judgment upon what has been already done, before proceeding further in the original action.

The petition for a rehearing is overruled.

Original opinion filed at November term, 1882.
Opinion on petition filed at May term, 1883.