Filed Mar. 8, 1894.

———◆———

No. 16,607.

GRAY v. SINGER, ADMINISTRATOR.

APPEAL.—*Dismissal of.*—*Failure of Record to Disclose Final Judgment.* —*Bill of Exceptions.*—Where, on appeal, the transcript of the record discloses the filing of a complaint, demurrer thereto, the court's ruling against the demurrer; and the bill of exceptions recites the further proceedings up to and including the general finding and judgment of the court in favor of the appellee, but does not show that any of such proceedings were entered upon the order-books of the court, no final judgment authorizing an appeal being properly disclosed, the appeal can not be entertained.

From the Ripley Circuit Court.

*E. P. Ferris* and *S. M. Jones,* for appellant.
*A. Stockinger* and *C. K. Bagot,* for appellee.

HACKNEY, J.—The appellee, as administrator of the estate of Nancy Case, sued the appellant for a personal judgment and the foreclosure of a mortgage.

The transcript discloses the filing of a complaint, demurrer thereto, with the court's ruling against the demurrer, and a bill of exceptions. No record entries appear, excepting those upon said three filings and said ruling.

The bill of exceptions recites further proceedings up to, and including, the general finding and conclusion of

the court in favor of the appellee, but it is not recited that any of such proceedings were entered upon the order-books of the court.

It is insisted by the appellee that the record discloses in no proper manner any final judgment or decree of the circuit court, from which an appeal lies, and that we can not, therefore, entertain this proceeding.

Under section 650, R. S. 1881, all record entries of the clerk, and all papers pertaining to the cause, and filed therein, with certain stated exceptions, are to be deemed a part of the record. Certain other matters become a part of the record only by bills of exception. It is the certificate of the clerk that gives verity to the record entries, and it is the signature of the judge to the bill of exceptions that gives verity to the statements properly contained in such bill. If it were the office of the bill of exceptions to bring into the record the order-book entries, including the final entry of the judgment or decree, it has failed to perform that office in this instance.

The bill recites, as a statement of the judge, that the motion for a new trial was ruled upon, and that he found and adjudged that the plaintiff should recover a sum stated. These recitals may be literally true, and no entry of either proceeding be found upon the order-book. It is only by the record that the judgments of a court can be known.

Under the statute cited, where entries appear in the record as the transcriptions of the clerk, and they are certified under his hand and the seal of the court, they become legally authentic.

In the present case, as to the filing of answers, demurrers thereto, replies, and the rulings thereon, together with the submission, trial, finding and conclusion of the court, we are asked to look to the bill of exceptions. It is not necessary that we should hold that

such pleadings can not become a part of the record by bill of exceptions, but it is sufficient when we decide that order-book entries are an essential part of the record and without them the record is incomplete. It is manifest that the record entries in a cause are necessary to a complete transcript, and the omission of any of such entries as may involve the rulings complained of, is fatal.

In Elliott's Appellate Procedure, section 198, it is said: "If the transcript shows on its face that it covers only part of the rulings and proceedings upon a single and independent matter, it would be insufficient."

This is not an instance where the bill of exceptions and the entries made by the clerk are in conflict, but it is where the record is silent as to the entry of a judgment or decree.

*Nichol* v. *Thomas*, 53 Ind. 42 (51), cited by the appellant in support of the record, as made by the transcript, is not in point. It was there held that a motion for a new trial became a part of the record without a bill of exceptions.

It is insisted that the sufficiency of the complaint is presented by the record in the absence of a final judgment. Such is not the rule in this State. *Slagle* v. *Bodmer*, 58 Ind. 465; *Brannock* v. *Stocker, Admr.*, 76 Ind. 573; *Western Union Tel. Co.* v. *Locke, Admr.*, 107 Ind. 9; *Taylor* v. *Board, etc.*, 120 Ind. 121.

If the recital in the bill of exceptions contained the information that the ruling upon the motion for a new trial and the ultimate finding were entered upon the proper order-books of the court, we would have a materially different question, though presenting a radical departure from the long recognized practice.

If the present transcript can be held to present properly the record of the lower court, it then follows that everything, from the filing of the complaint to the entry

Gray *v.* Singer, Administrator.

of the judgment, may be included in a bill of exceptions, which, when copied and certified, becomes sufficient. Under such a practice the judge, who often settles and signs such bills in vacation, is required to assume and discharge the duties óf the clerk as they are directed by section 650, R. S. 1881, *supra,* and must canvas the entries and the pleadings to determine the accuracy of the bill. Such duties are not cast upon the judge by the statute, and we should hesitate to indorse such a practice if the question were submitted for our decision.

It is needless, in this State, to indulge in merely experimental practice, for the rules are simple and the forms are well recognized.

The record not disclosing a final judgment authorizing an appeal, we decline to entertain the same, and the appeal is, for that reason, dismissed.

Filed Jan. 26, 1894.

OPINION ON MOTION TO REINSTATE.

HACKNEY, J.—The appellant has made an earnest petition to reinstate this cause, but has not succeeded in convincing us of the incorrectness of our conclusion originally stated. True, the clerk has certified that the record contains the judgment, but, as we said originally, that which could by any method be construed as a judgment, is a mere recital of the judge in the bill of exceptions, and does not purport to be a copy of the order-book entry of a judgment. The certificate, therefore, is not supported by the record.

It is further insisted that the appeal could not be dismissed without notice and motion. The appellee's original brief suggested the fatal omission from the record, and the appellant, instead of proceeding to cure the error, insisted that there was no merit in the appellee's point. The dismissal was not as upon motion of the ap-

pellee, but was upon consideration and conclusion by the court that the appeal was not shown to have been taken from any final judgment, and could not, therefore, be entertained.

The motion to reinstate is overruled.

