Lotz, J.
On the 6th day of January, 1892, the appellee, John S. Zent, filed his complaint in the Kosciusko Circuit Court against the appellant, Samuel W. Old-father, to recover damages for a prosecution alleged to have been maliciously instituted by the appellant against the appellee. The venue of the cause was changed to the Marshall Circuit Court. In that court the issues joined were submitted to a jury and a verdict returned, on which the court on the 19th day of June, 1893, rendered judgment against the appellant in the sum of $1,750.
From this judgment Oldfather prosecuted an appeal to this court, which appeal is now pending herein and undetermined, being cause numbered 1,548, and entitled: Samuel W. Oldfather, appellant, v. John S. Zent, appellee. The only error assigned in said cause is the overruling of the motion for a new trial. On the 9th day of March, 1894, Oldfather filed his complaint in the Marshall Circuit Court against Zent praying that he be granted a new trial on account of new evidence discovered after the term at which judgment was rendered. This latter proceeding was based upon section 572, R. S. 1894. The court sustained a demurrer to this complaint. The appellant excepted to this ruling and has appealed that cause to this court and assigns this ruling as error in this court.
The appellant has filed a motion to consolidate the latter cause with the first, for the reason that the purpose of the latter is to secure a new trial of the first.
*432 The appellee insists that there is no statute authorizing the consolidation of causes in this court. There are special statutes which authorize the circuit court to consolidate causes in certain highway and drainage proceedings, and causes to foreclose mechanic’s liens; but there is no general statute authorizing the consolidation of causes either in the circuit or appellate courts. The power to consolidate causes, however, is one of the inherent powers of a court. A court should always be possessed of the power to make orders which will expedite its business, prevent costs and a multiplicity of suits when one will answer all the purposes of justice. Gould Pl., p. 207; Elliott App. Proced., section 20. The question here presented is whether or not this is a proper case to exercise the power and order a consolidation.
A complaint or action for a new trial after the term under section 572, supra, is an independent proceeding, and from a judgment or order of the court granting or refusing to grant a new trial, an appeal willlie. Sanders, Admx., v. Loy, 45 Ind. 229; Hines v. Driver, 100 Ind. 315; Hines v. Driver, 89 Ind. 339. While this is true, the ultimate object of the proceeding is to obtain a new trial of the cause already merged into a judgment. In its effects it is virtually a motion for a new trial but differing in its method of procedure in obtaining the result sought.
If the first appeal should be reversed, and the lower court directed to grant a new trial we would have this anomalous condition resulting: A cause pending in this court seeking a new trial where a new trial had been, already granted. The appellee might be put to the trouble and expense of showing this state of facts in order to procure a dismissal of the second appeal. If the first appeal should be affirmed, and the second reversed, a new trial does not necessarily follow. The order of *433 the court would be to overrule the demurrer to the complaint, and proceed to try the issues joined. The trial might or might not result in an order for a new trial. 'The immediate purpose of the first appeal is to obtain a new trial, and the ultimate purpose of the second appeal .and proceeding is to secure the same result. We are of the opinion that a consolidation will prevent delay, costs and a possible confusion of the record.
Filed Dec. 19, 1894.
It may be necessary in disposing of the consolidated cause to pass upon the merits of both appeals in order to determine the matter of costs. But when the records of both are before the court a proper order or judgment can be made. It is, therefore, ordered that this cause No. 1,564 be and is hereby consolidated with cause No. 1,648, and that hereafter it shall take the title and number of said latter cause.