MASTEN *v*. INDIANA CAR AND FOUNDRY COMPANY.

[No. 2,303.   Filed March 30, 1898.]

APPEAL.—*Final Judgment.—Appeal Will Not Lie from Order of Court Vacating a Judgment.*—An order of court vacating a judgment rendered at the last preceding term of court is not a final judgment within the meaning of section 644, Burns' R. S. 1894 (632, Horner's R. S. 1897), from which an appeal will lie.

From the Marion Superior Court. *Appeal dismissed.*

*John B. Sherwood*, for appellant.

*William A. Ketcham* and *Fred E. Matson*, for appellee.

COMSTOCK, J.—A judgment by default for $2,000.00 was rendered May, 29, 1896, in favor of appellant, in the court below, against appellee. This occurred at the May term of the court. At the next term, on June

8, 1896, appellee filed its written petition to vacate said judment, and with and as a part of the petition, filed the affidavit of Wm. A. Ketcham, attorney of appellee, as to appellee's excusable neglect, mistake, and inadvertence, and the affidavit of Henry F. Frazer, the cashier and acting general manager of the appellee, as to appellee's having a meritorious defense to the original cause of action, upon which said judgment was rendered. On June 15, 1896, appellant appeared to the petition and filed the counter-affidavit of John B. Sherwood, the attorney for appellant in said action, stating facts in denial of appellee's right to have the default set aside. On said last named date the court heard counsel upon said affidavits, and on June 18, having taken the matter under advisement, sustained appellee's petition to vacate the judgment, and allowed appellee to file its answer. From this action appellant appeals, and assigns as error: (1) The motion of the appellee with the affidavits filed in support thereof, to vacate the judgment rendered on May 29, 1896, does not state facts sufficient to constitute a cause of action. (2) The court below erred in sustaining the motion of appellee to vacate the judgment rendered May 29, 1896. (3) The court below erred in allowing appellee to file its answer to the original complaint in said cause.

The questions presented by these assignments are ably discussed and the respective views of opposing counsel supported by numerous authorities. We are not, however, permitted to consider them for the reason, as urged by counsel for appellee, that the order of the trial court vacating the judgment and permitting appellee to answer the complaint, is not a final judgment, from which an appeal will lie. Appeals are only authorized by statute from final judgment. Section 644, Burns' R. S. 1894 (632, Horner's

R. S. 1897). To this general rule there are exceptions authorizing appeals from an interlocutory order in the following cases: (1) For the payment of money to compel the execution of any instrument in writing, or the delivery or assignment of any securities, evidences of debt, documents, or other things in action; (2) For the delivery of the possession of real property or the sale thereof; (3) granting or dissolving or overruling motions to dissolve an injunction in term, and granting an injunction in vacation; (4) Orders and judgments on writs of habeas corpus made in term or vacation. Section 658, Burns' R. S. 1894 (646, Horner's R. S. 1897). The case before us does not come within the exceptions. The judgment from which an appeal may be taken must make a final disposition of the cause. The ruling here complained of does not do this. *Branham* v. *Ft. Wayne, etc., R. R. Co.*, 7 Ind. 524; *Reese* v. *Beck*, 9 Ind. 238; *Spaulding* v. *Thompson*, 12 Ind. 477, 74 Am. Dec. 221; *Melcher* v. *Fredenburg*, 18 Ind. 180; *Wood* v. *Wood*, 51 Ind. 141; *Champ* v. *Kendrick*, 130 Ind. 545; *Thomas, Admr.*, v. *Chicago, etc., R. W. Co.*, 139 Ind. 462; *City of Jeffersonville* v. *Tomlin*, 7 Ind. App. 681.

Counsel for appellant relies upon *Hines* v. *Driver*, 89 Ind. 339, in support of the proposition that the judgment below is one from which an appeal will lie. The facts in that case were as follows: At the November term, 1881, of the court below, in an action upon a promissory note, there was a judgment against the plaintiff in favor of defendant upon a counterclaim filed by him for $———. In April, 1882, the appellee filed in said court a complaint setting out the proceedings which resulted in the verdict and judgment against him as above, and demanding a new trial of the cause upon the ground that he had discovered new and material evidence since the close of the term

at which the judgment was rendered. The cause was put at issue by general denial, and trial had at the November term 1882. After hearing the evidence, the court made a finding for the plaintiff, and caused a judgment to be entered setting aside the judgment in the original action, and granting a new trial in the cause, also ordering the clerk to reinstate the original action upon its docket, so as to make it stand for another trial at its ensuing term.

The appellants moved to dismiss the appeal for the alleged reason that the judgment was only an interlocutory order and not of the class of interlocutory orders from which an appeal may be taken to this court under section 646, R. S. 1881. The court held that the judgment ought to be reversed, that it was a final judgment within the meaning of section 632, R. S. 1881.

The proceedings were instituted under section 563, of R. S. 1881, and were for a new trial upon the ground of newly discovered evidence. In the opinion the court cites eight Indiana cases; all of them were for a new trial on the ground of newly discovered evidence except one, which was to review a judgment because of new matter discovered since it was rendered. In none of them had judgment been rendered upon default, nor under the statute applicable to the case before us. In the cases of *House* v. *Wright*, 22 Ind. 383, and *White* v. *Harvey*, 23 Ind. 55, overruled by the court in *Hines* v. *Driver, supra,* the proceedings were based upon newly discovered evidence. In *Spaulding* v. *Thompson, supra,* the appellants recovered judgment in the court below by default at the October term 1854. At the April term 1855, Thompson prayed to be relieved from the judgment taken against him on the ground that it had been rendered against him through surprise, inadvertence and the neglect of his

Masten *v.* Indiana Car and Foundry Company.

attorney. The court set aside the default and judgment, and from that ruling the plaintiff appealed. Worden, J., speaking for the court, said: "These proceedings in setting aside the judgment, we suppose, were had under section 90 of the code, which authorizes the court, in its discretion, at any time within one year, to 'relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect.' * * * But the appeal to this court is premature. The order of the court, setting aside the default and judgment, is not 'a final judgment' from which an appeal lies to this court. Code, section 550. *Branham* v. *Ft. Wayne, etc., R. R. Co.*, 7 Ind. 524. The questions involved being saved by a proper exception, when the cause shall be finally disposed of, all the points thus saved come up together. *Woolley* v. *State*, 8 Ind. 377."

This case is identical with the one before us. It is cited in *Melcher* v. *Fredenburg*, 18 Ind. 180; *Pleasants* v. *Vevay, etc., Turnpike Co.*, 42 Ind. 391; *Wood* v. *Wood, supra; Slagle* v. *Bodmer*, 58 Ind. 465; *Frazier* v. *Williams*, 18 Ind. 419; *Phelps* v. *Osgood*, 34 Ind. 150; *Brumbaugh* v. *Stockman*, 83 Ind. 583, 588; *Kreite* v. *Kreite*, 93 Ind. 583, 586; *Sharp* v. *Moffit, Admr.*, 94 Ind. 240, and *Baltimore, etc., R. R. Co.* v. *Flinn*, 2 Ind. App. 63; *Moore* v. *Horner*, 146 Ind. 290, not in all of them upon the question before us, but still as a recognized authority.

In *Melcher* v.. *Fredenburg, supra,* the following language is used: "This was an action by Fredenburg against Melcher and another, to be relieved from a judgment by default taken against him by Melcher. The judgment was set aside, and from that order the defendant appeals to this court. The appeal is premature, as is settled in the case of *Spaulding* v. *Thompson*, 12 Ind. 477, which case was in all respects like the present. The appeal is dismissed."

In *Hines* v. *Driver,* supra, no reference is made to *Spaulding* v. *Thompson*, supra, nor *Melcher* v. *Fredenburg*, supra. The Supreme Court must be presumed to have been familiar with them. They are upon a different statute, and are not necessarily in conflict. We are not warranted in holding that it was the purpose of the Supreme Court to overrule them. They are decisive of the question. Appeal dismissed.