FOSTER *v.* LINDLEY.

[No. 2.487.    Filed May 11, 1898.]

APPEAL AND ERROR.—*Final Judgment.*—An appeal cannot be taken from the action of the court in overruling a demurrer to a complaint.

From the Fountain Circuit Court.    *Appeal dismissed.*

*Livengood, Livengood & Dice,* for appellant.

*J. W. Brissey,* for appellee.

WILEY, J.—This was an action by appellee against appellant to enforce and collect the penalty provided by section 1091a, Horner's R. S. 1897, for a failure to release of record a mortgage executed by appellee to appellant, and which it was alleged in the complaint had been fully paid; that a request to release had been duly made, and that appellant had neglected and failed to release the same. Appellant appeared to the action and challenged the sufficiency of the complaint by a demurrer, which demurrer was overruled and he excepted. This ruling is assigned as error. The record, as it comes to us, does not present any question for decision. The record shows that appellant filed his demurrer to the complaint, and the ruling thereon was as follows: "And the court, being fully advised in the premises, do now overrule said demurrer, and defendant by his counsel excepts and day is given." The record fails to show that any final

judgment was rendered, and the precipe filed by appellant for a transcript directs the clerk to make a transcript of "the complaint, the demurrer and the order book entries and rulings of the court thereon."

Under the statute an appeal can only be prosecuted from a final judgment. See section 632, Horner's R. S. 1897. There are exceptions to this general statute governing appeals, as provided by section 646, Horner's R. S. 1897, but this appeal does not come within any of such exceptions. The ruling on a demurrer is not a final judgment within the meaning of section 632, *supra*, neither is it an interlocutory order, within the meaning of section 646, *supra*. As was said in *Slagle* v. *Bodmer*, 58 Ind. 465, the sustaining of a demurrer to a complaint without any further action thereon by the court, is not a final judgment from which an appeal will lie. See, also, *Brannock* v. *Stocker, Admr.*, 76 Ind. 573. In *Masten* v. *Ind. Car and Foundry Co.*, 19 Ind. App. 633, Comstock, J., speaking for the court, said: "The judgment from which an appeal may be taken must make a final disposition of the cause," and cites many authorities.

The overruling of a demurrer to a complaint, without further action of the court, is not a final disposition of a cause. The appeal is dismissed at the cost of the appellant.