## WALLACE and Others *v.* McVEY.

A temporary injunction ought not to be granted to restrain the defendant from removing property, the subject of commerce, out of the jurisdiction of the Court, (such as pork and lard, suitable to be sent abroad to market,) unless the plaintiff shows that he has an immediate interest in such property, and that he will be injured by the removal, and that the interference of the Court is necessary to save him from serious loss or damage.

A temporary injunction ought not to be granted in such case, without notice to the adverse party. If the complaint shows such an emergency as will justify the interference of the Court, an order should be granted to restrain the removal, for a reasonable time, until notice can be given.

Allegations that at the time of the execution of a written contract for the sale of the vendor's interest in the joint property of himself and the purchaser, the vendor was dangerously sick; that the purchaser insisted upon purchasing his interest; that being in a low and weak state he signed the contract of sale; that it was made in view of his approaching death; and that he had recovered, furnish no ground for setting aside such contract, no unconscientious advantage appearing to have been taken, and no fraud being alleged.

A parol condition made at the time of such contract, that if the vendor recovered it should be set aside, is void.

A vendor seeking to rescind a contract of sale must offer to return the consideration received.

APPEAL from the *Cass* Circuit Court.

May Term,
1855.

WALLACE
v.
McVEY.

*Tuesday,*
*June 5.*

GOOKINS, J.—*McVey*, the appellee, on the 27th day of *April*, 1855, and during the sitting of the *Cass* Circuit Court, filed his complaint against the defendants, the appellants, praying an injunction to restrain them from removing a quantity of pork, hams, &c., out of the jurisdiction of the Court, and for the appointment of a receiver. The case made by the complaint is as follows:

That about the 15th of *November*, 1854, the plaintiff entered into partnership with the defendants in the business of packing pork at *Rochester*, in *Fulton* county. The plaintiff was to put into the concern 1,000 dollars, and was to have one-half of the profits and to bear one-half of the losses. He furnished the required amount of money, and they proceeded in the business, which produced mess pork, hams, shoulders, lard, &c., to the value of 8,441 dollars, out of which lard of the value of 200 dollars had been sold, and the residue was stored with *Pollard* and *Wilson*, of *Logansport*. About the 9th of *February*, the plaintiff was taken sick and was confined fifty-six days, was dangerously ill, and for a long time his life was despaired of. During this sickness the defendants came to his house, and insisted upon buying out his interest in the pork, lard, &c., and after continued solicitation by the defendants, the plaintiff, being in such low and weak state, signed a contract, by having his hand held to trace the letters, by which he was made to sell his interest in the partnership property for 1,080 dollars, for which they executed to him their note due one day after date. The contract was made in view of his approaching death, and it was at the same time verbally agreed that if he recovered, it was to be null and void, and he was to retain his rights as a partner. He has since recovered his health, though he remains in a somewhat weak state. At the time of the sale his interest was worth 1,500 dollars, and at the time of filing his complaint it was worth 2,000 dollars. The defendants now claim the property, excluding him from any control of it, and have directed *Pollard* and *Wilson* to ship it out of the jurisdiction of the Court, and are

about having it so shipped to his injury. The complaint states that it is a case of emergency, and if he should give the defendants notice of his application for an injunction, it would only afford them an opportunity to do the injury it was intended to prevent.

On the plaintiff's motion a temporary injunction was awarded, to continue until the further order of the Court. A receiver was appointed to take charge of the property, and to manage it as partnership property, until further order. From this order the defendants appeal to this Court, pursuant to the statute allowing appeals from temporary injunctions.

These proceedings, we think, can not be sustained, and there are several grounds upon which they appear to us to be radically defective. The complaint itself shows no case for an injunction. It alleges, it is true, that the plaintiff, when he was induced to sell out his interest in the partnership to the defendants, was sick and weak in body, but there is no pretence that his mind was impaired, nor that any undue influence was used to induce him to make the sale. No doubt there is a weakness of mind less than insanity, which, if taken advantage of fraudulently, will be sufficient to avoid an unjust contract into which the party has been drawn. *McCormick* v. *Malin*, 5 Blackf. 509. But no such facts are shown here.

Again, no offer is shown to rescind the contract. Indeed, the note, which was due one day after date, is not so much as averred to be unpaid. True, it is made an exhibit, but that is not equivalent to such an averment. Neither are the defendants alleged to be insolvent, nor does it anywhere appear that the plaintiff is in danger of loss; nor is it shown that he has any interest in the property. The verbal condition annexed to the contract of sale is nugatory.

Had the plaintiff shown that he had an interest in the property, still he has not shown that any improper use was being made of it. The allegation is that it was about being sent out of the jurisdiction of the Court. In the absence of any averment that it was being sent to any

improvident or wrongful destination, we are to presume,
from the usual course of business, that it was to be sent
to market; just where it should have gone as well for the
interest of the defendants as of the plaintiff, if he had any
in the property.

The injunction ought not to have been allowed without
notice.   The statute is as follows: "No injunction shall
be granted until it shall appear to the Court or judge
granting it, that some one or more of the opposite party
concerned has had reasonable notice of the time and place
of making the application; except that in cases of emer-
gency, to be shown in the complaint, the Court may grant
a restraining order until notice can be given, and hearing
thereon."   2 R. S. 1852, p. 60, s. 139.

The restraining order contemplated by this section is
limited in its operation, and extends only to such reason-
able time as may be necessary to notify the adverse party.
Temporary injunctions are usually granted in vacation,
and in terms they continue in force until the further order
of the Court, which is frequently several months; and such
is the character of the order in this case.   It is shown to
have been made without notice to the opposite party.

An injunction is the strong arm of the Court, and should
never be resorted to but upon necessity.   *Laughlin* v. *La-
masco City, ante*, p. 223.   It should never be allowed, in
the first instance, except upon a case clearly made, show-
ing an equitable right to the interference of the Court,
and good ground to apprehend such loss or damage as can
not be compensated for, and then not until the opposite
party has had notice.

The granting of this injunction and appointment of a
receiver, without showing an equitable right, or any danger
of loss or injury, and without notice, was wholly irregular,
and the order of the Circuit Court must be reversed.

*Per Curiam.*—The order of the Circuit Court is reversed,
with costs.   Cause remanded, with instructions to the Cir-
cuit Court to dismiss the suit.

*D. D. Pratt* and *S. C. Taber*, for the appellants.
*H. P. Biddle* and *B. W. Peters*, for the appellee.