THE CINCINNATI AND CHICAGO RAILROAD COMPANY *v.* HUNCHEON and ANOTHER.

An appeal will not lie to the Supreme Court from the action of the Court, or judge, below, in granting a temporary restraining order.

Saturday, June 15.

APPEAL from the restraining order of a judge, in vacation.

DAVISON, J.—The appellees were the plaintiffs below, and the appellant the defendant. The complaint alleges, substantially, these facts: Plaintiffs owned, in fee simple, sections fifteen and sixteen, in township thirty three, north of range four, west. Defendants, prior to *July* 13, 1859, located their railroad across said lands. At that date, the plaintiffs caused the damages which would be occasioned by the construction

of the road to be assessed; and the same were then assessed at $687 $\frac{50}{100}$. Judgment in their favor was rendered thereon, in the *Laporte* Common Pleas. And the defendants, without having paid, or offered to pay, the sum assessed, or any part of it, are proceeding to construct their road across said lands. The relief prayed is, that the defendants and their employees be restrained from prosecuting said work, for a time sufficient to give them ten days notice, as required by law, &c.; and that upon final hearing of this application, after such notice, they be enjoined from constructing said road until the damages so assessed are paid or tendered." The record shows that the case made by the complaint was properly submitted to *Andrew L. Osborn*, judge of the *Laporte* Circuit Court, who, having inspected the premises, ordered that the defendants and their employees desist from making excavations, &c., on the plaintiff's land until *August* 8, then next following, or until the full payment of the damages assessed. And the same judge then and there appointed the said 8th of *August* as the time, and the court house, in *Marshall* county, as the place, for the hearing of said application, &c.; of which time and place the plaintiffs were required to give the defendants, or some one of them, at least ten days notice, &c. And thereupon the defendants prayed an appeal from the decision thus made, to the Supreme Court, which was accordingly granted, &c. The record presents this question: Is an appeal to this Court, from a preliminary restraining order, allowable? It is enacted, that "No injunction shall be granted until it shall appear to the Court, or judge, granting it, that some one or more of the opposite party concerned, has had reasonable notice of the time and place of making the application; except that in cases of emergency, to be shown in the complaint, the Court may grant a restraining order until notice can be given and hearing thereon." 2 R. S., § 139, p. 60. And, "Appeals to the Supreme Court may be taken from an interlocutory order of any Court of Common Pleas, or Circuit Court, or judge thereof, granting or dissolving, or overruling motions to dissolve, an injunction in term, and granting an injunction in vacation." *Id.* § 576, p. 162. These enactments evidently contemplate a material distinction between a restraining order

and an injunction. The former is limited in its operations, and extends only to such reasonable time as may be necessary to notify the opposite party; while the latter can not be granted, unless upon notice, is said to be the strong arm of the Court, and should never be resorted to but upon necessity. *Wallace v. McVey*, 6 Ind. 300. Thus it is evident that the appeal in this case is unauthorized, because such appeal is not allowable unless from an order granting or dissolving an injunction, upon reasonable notice, and final hearing of the application. Section 576, above recited, does not, in our judgment, contemplate a mere preliminary restraining order. And the result is, the appeal must be dismissed.

*Per Curiam.*—The appeal is dismissed, with costs.

*J. B. Niles*, for the appellant.

*James Bradley* and *D. J. Woodward*, for the appellees.