# IN GENERAL TERM.

JULIA BRENNAN and PATRICK BRENNAN. *v.* JEDRO LUCKLEAR.

Appeal from BLAIR, Judge.

*Appeal—Statutory exceptions to rule in—Restraining order.*

An appeal does not lie from an order setting aside a temporary restraining order.

*Wallace — Heller,* for appellee.

*Test, Burns & Wright,* for appellants.

NEWCOMB, J.—The plaintiffs appealed from an order made by Judge Blair, setting aside a restraining order made by him on the *ex parte* application of plaintiffs, before the time had expired for which the restraining order had been granted. The defendant has interposed a motion to dismiss the appeal, on the ground that the order was not one from which an appeal lies to the General Term.

The 25th Section of the Act organizing this Court, provides for an appeal to the General Term from the decision of a single Judge, and those cases only, where, if the decision complained of had been rendered by the Circuit Court, an appeal would lie from that tribunal to the Supreme Court.

It is a general rule of practice that an appeal does not lie from an inferior to the Supreme Court, except from a final judgment of such inferior court. The only exceptions to this rule are made by the statute.

Among those excepted cases is an interlocutory order, "granting, or dissolving, or overruling motions to dissolve an injunction *in term,* and *granting* an injunction *in vacation.*"

2 G. & H., 277, Sec. 576.    It seems to me a clear proposition, that this appeal does not come within the above exceptions to the general rule, that an appeal lie only from a final judgment.

The restraining order was not an injustice, consequently the defendant could not have appealed from that order, vide *Cincinnati & Chicago R. R. Co.* v. *Huncheon and another*, 16 Ind., 436.

The order dissolving the restraining order was not appealable for two reasons : *First*, it was not the dissolution of *an injunction*, for no injunction had been granted.    *Second*, The order was not made *in term*, but in vacation.

The case does not come within any exception laid down in the statute, and we have no power to legislate to cover such cases.

The defendant's motion is therefore well taken, and the appeal must be dismissed.