### THE TERRE HAUTE AND LOGANSPORT RAILWAY COMPANY *v.* THE ST. JOSEPH, SOUTH BEND AND SOUTHERN RAILROAD COMPANY, ET AL.

[No. 19,375.  Filed June 6, 1900.]

APPEAL AND ERROR.—*Temporary Restraining Order.—Interlocutory Order.—Injunction.*—Where a temporary restraining order was issued restraining defendants "until notice of an application for a temporary injunction can be given, and such application heard and determined," providing that the application for a temporary injunction would be heard on a certain day, and on the day set for hearing the application was continued by agreement of the parties until the first day of the next term, the temporary restraining order to continue in force until the further order of the court, the order of the court, upon a hearing of the application for a temporary injunction, that "the court having heard the motion for a temporary injunction, etc., and being fully advised in the premises, the application of the said plaintiff for a temporary injunction herein is now refused by the court, and the prior order granting a temporary injunction is set aside, and said order dissolved," amounts to an interlocutory order denying a temporary injunction and vacating a temporary restraining order theretofore issued, and is unappealable.

From the St. Joseph Circuit Court. *Appeal dismissed.*

*J. G. Williams,* for appellant.
*A. L. Mason* and *Cary & Walker,* for appellees.

BAKER, C. J.—Appellees' motion to dismiss rests upon the contention that appellant is complaining of an interlocutory order from which no appeal lies.

A complaint was filed in which appellant sought (1) a temporary restraining order without notice or hearing by reason of the existence of an emergency therefor, (2) a temporary injunction after notice and hearing to continue unless sooner dissolved on motion until the final decree should be made, and (3) a final decree for a perpetual injunction. This complaint was filed on March 3, 1900, and was supported by affidavits of the existence of an emergency. On that day the judge in vacation issued a temporary restraining order, restraining the defendants "until notice of an application for a temporary injunction can be given, and such application heard and determined." The order further provided "that an application for a temporary injunction herein will be heard at the court-house * * * on the 15th day of March, 1900". This order was duly served upon appellees, and they appeared on the day named and filed demurrers to the complaint. As the appellees were not then ready to have the court hear and determine the application for a temporary injunction, an agreement of the parties was entered of record that the hearing on the application for a temporary injunction should be postponed until May 7, 1900, the first day of the next term, and that the temporary restraining order theretofore issued should continue in force until the further order of the court. Upon this agreement the court entered an order postponing the hearing on the application for a temporary injunction to the first day of the next term and continuing the temporary restraining order in force "until the further order of the court". On the first day of the May term, nothing was done; but on the second day, May 8, 1900, the application for a temporary injunction was heard, and the court made the following order: "And the court having heard the motion for a temporary injunction and the affidavits filed and being fully advised in the premises, the application of the said plaintiff for a temporary injunction herein is now refused by the court, and the prior order granting a temporary injunction is set aside and said injunction dissolved".

Terre Haute, etc., R. Co. *v.* St. Joseph, etc., R. Co.

The third subdivision of §658 Burns 1894, §646 R. S. 1881 and Horner 1897, authorizes appeals from interlocutory orders "granting or dissolving, or overruling motions to dissolve, an injunction in term, and granting an injunction in vacation". It is perfectly obvious that this statute refers to temporary injunctions, and applies neither to perpetual injunctions nor to temporary restraining orders. This is not questioned by counsel on either side; but appellant contends that the order of May 8th is an interlocutory order dissolving a temporary injunction, while appellees insist that it is an interlocutory order refusing a temporary injunction and dissolving a temporary restraining order that was in force pending the hearing on the application for a temporary injunction.

The claim of appellant is based on the fact that the order of May 8th reads that "the prior order granting a temporary *injunction* is set aside and said *injunction* dissolved" and also on the fact that the order of March 15th continued in force the temporary restraining order issued on March 3rd, "until the further order of the court". In determining the sense and scope of these orders, it is not permissible to isolate particular words and take their abstract meaning as decisive. But the full context of the orders should be examined in connection with the subject-matter of the questions that were being presented to the court to act upon.

It is true that the words "until the further order of the court" taken alone would indicate a temporary injunction rather than a temporary restraining order. But the order of March 15th taken as an entirety, shows that on the day fixed for the hearing on the application for a temporary injunction the hearing was postponed to May 7th, and the temporary restraining order, issued on March 3rd, without notice and without a hearing, was continued in force "until the further order of the court". The order further shows that this was done upon the stipulation of the parties. Though the hearing on the application for a temporary injunction

was postponed to a day certain, it was not certain that the matter could then be heard. And in fact it was not heard until the next day. Surely it was competent for the parties to agree that an order should be made to continue the temporary restraining order in force until the application for a temporary injunction should be acted upon. The hearing was postponed to May 7th, but if the temporary restraining order had been limited by its terms to expire on May 7th, then appellees would have been free to transgress appellant's alleged rights between that date and such time as the court could regularly take up and pass upon the application for a temporary injunction. In the light of what was presented to the court to act upon and of the context, it is evident that the temporary restraining order was to continue in force until the order of the court was made for or against a temporary injunction.

The words in the order of May 8th that the "temporary *injunction* is set aside and said *injunction* dissolved" indicate an appealable interlocutory order. But there are two considerations that prove that by mistake the word injunction was used in the place of restraining order. One is that the order reads "and the *prior* order granting a temporary injunction is set aside". The prior order was the temporary restraining order of March 3rd, which on March 15th was continued in force until a hearing could be had on the question of granting a temporary injunction. The other is that no hearing on the question of granting a temporary injunction was had until May 8th, and that then the application was denied. The infallible distinction between a temporary restraining order and a temporary injunction is that the former issues without notice on a showing of emergency and the latter issues only after notice and hearing. §§1164, 1165 Burns 1894, §§1150, 1151 R. S. 1881 and Horner 1897.

An interlocutory order denying a temporary injunction and vacating a temporary restraining order theretofore is-

sued is unappealable. *Wallace* v. *McVey*, 6 Ind. 300; *Flagg* v. *Sloan*, 16 Ind. 432; *Cincinnati, etc., R. Co.* v. *Huncheon*, 16 Ind. 436; *Andrews* v. *Powell*, 27 Ind. 303; *Bronenberg* v. *Board, etc.*, 41 Ind. 502; *Pleasants* v. *Vevay, etc., Co.*, 42 Ind. 391; *Ogle* v. *Dill*, 55 Ind. 130; Elliott's App. Proc. §106; Ewbank's Manual §86.

Appeal dismissed.