## MASON ET AL. *v.* MILLIGAN ET AL.

[No. 23,124.   Filed November 9, 1916.]

APPEAL.—*Decisions Reviewable.*—*Temporary Restraining Order.*—*Interlocutory Order.*—*Statute.*—Where, in an action to enjoin the delivery of a deed, the trial court, upon the filing of the complaint, issued a temporary order in conformity with the allegations and prayer of the complaint, without hearing or notice, fixed a time for the hearing of the application for a temporary injunction, and directed notice to issue to the defendants of the time and place of such hearing, and, prior to the time so fixed, the temporary order was dissolved on motion of the defendants, such dissolving order was unappealable under §1392, cl. 17, Burns 1914, Acts 1907 p. 237, allowing appeals to the Supreme Court from interlocutory orders granting or dissolving, or overruling motions to dissolve temporary injunctions, even though the court's entry of the original order referred to it as a temporary injunction, and the judge dissolving it designated it as a restraining order or temporary injunction, it was, since it issued without notice on a showing of emergency, merely a temporary restraining order.

From Hancock Circuit Court; *Earl Sample*, Judge.

Action by Benjamin L. Mason and others against Harry J. Milligan and others. From an interlocutory order dissolving a temporary restraining order, plaintiffs appeal. *Appeal dismissed.*

*John B. Hinchman, Henry A. Lee* and *E. E. McFerren*, for appellants.

*Harry J. Milligan* and *J. J. Daniels*, for appellees.

ERWIN, J.—Action was brought by appellants, in the superior court of Marion county, against appellee Milligan, for damages for the wrongful conversion of certain property, and to enjoin the delivery of a deed of conveyance by appellee Jones, as sheriff of Monroe county, Indiana, which the complaint alleges was about to be delivered by said sheriff to his codefendant and appellee Milligan in conformity with the terms and conditions of a certain certificate of sale, issued by said sheriff to said Milligan on a sale on a certain judgment, obtained by said Milligan against appellants in the Morgan circuit court.

Upon the filing of the complaint a temporary order was issued by the court, in conformity with the allegations and prayer of the complaint, without hearing or notice, and a time was then fixed by the court for the hearing of the application for a temporary injunction, directing a notice to issue for appellees of the time and place for such hearing. Before the date fixed for the hearing and before the maturity of the notice, appellees appeared and filed a motion to dissolve the order theretofore made. In the order of the court heretofore referred to the words "temporary injunction" were used.

The venue of the cause was afterwards changed to the circuit court of Hancock county, where after

due consideration of said motion to dissolve the order theretofore issued, the judge of said court dissolved the "restraining order" or "temporary injunction." From this action of the court, appellants appealed to this court.

Appellees have here moved to dismiss this appeal, on the grounds that no appeal will lie from an order of the circuit court dissolving a temporary restraining order, contending that the order issued by the court was only a restraining order, notwithstanding that the same was designated by the court and by the parties to the record and pleadings as a "temporary injunction." Appellants contend that by designating the order "temporary injunction" the same was such, and was so considered by the court and the parties, and that from an order dissolving the same an appeal will lie to this court, under §1392, cl. 17, Burns 1914, Acts 1907 p. 237.

The proper decision of the question involved depends upon whether the order issued was in fact a temporary restraining order or a temporary injunction. This court having had under consideration the same question in another case said: "The infallible distinction between a temporary restraining order and a temporary injunction is that the former issues without notice on a showing of emergency and the latter issues only after notice and hearing." *Terre Haute, etc., R. Co.* v. *St. Joseph, etc., R. Co.,* (1900), 155 Ind. 27, 30, 57 N. E. 530, 532. Governed by the rule as stated above, the order of the court was a temporary restraining order and not a temporary injunction, and no appeal lies to this court, there having been no disposition by the court or ruling made on the application for a temporary injuntion, the same is

still pending before the circuit court for considera-
tion. An interlocutory order dissolving a temporary
restraining order is unappealable. *Terre Haute,
etc., R. Co.* v. *St. Joseph, etc., R. Co., supra.*

Appeal dismissed.

NOTE.—Reported in 114 N. E. 3. See also 3 C. J. 561.