TOWN OF WAKARUSA ET AL *v.* BECHTEL

[No. 28,401. Filed March 29, 1948.]

*Church & Chester,* and *Owen Leonard,* all of Elkhart, for appellants.

*Davis & Schaefer,* of Goshen, for appellee.

YOUNG, J.—This action was brought by appellee against the appellants to enjoin appellants from constructing and maintaining a sanitary sewer designed and intended to carry noxious sewage and filth which it was alleged would be discharged into an open ditch at a point adjacent to real estate owned by appellee and would flow through said ditch across appellee's land immediately adjacent to a farm house, farm buildings and a separate residential home on appellee's land, and that the sewage and filth from said sewer would accumulate and create a nuisance and reduce and destroy the value of appellee's real estate and injure appellee in the use and enjoyment of his real estate.

On the same day that the complaint was filed, appellee filed his affidavit for a temporary restraining order, in which he alleged he had a good and meritorious cause of action against appellants and that a contract had been let for the immediate construction of the sewer described in the complaint, and that the contractors were about to commence construction of said sewer and that such action would cause irreparable damage to him. He prayed for "an immediate restraining order" and filed bond, which was conditioned upon the payment of all damages and costs which may accrue by reason of "the restraining order or temporary injunction herein granted." The court approved the bond and entered a restraining order and ordered that the defendants be notified that an application for a temporary injunction herein be heard on November 7, 1947. On November 5, 1947, appellants filed their verified motion to dissolve "the restraining order and temporary injunction" alleging facts not appearing upon the face of the complaint. On December 11, the court,

without hearing, overruled defendant's motion to dissolve. Appeal was thereupon taken to this court. Appellants assigned as error only the over-ruling of their motion "to dissolve temporary injunction."

The only injunctive order made in this cause was made on the day the suit and petition for temporary restraining order was filed. That order begins, "And this proceedings being submitted to the court upon said application for restraining order, and the court being duly advised in the premises finds that the plaintiff is entitled to a restraining order as therein prayed for; and that the bond of plaintiff is sufficient." It is then ordered that the defendants be restrained and enjoined from proceeding in the establishment and construction of said sewer during the pendency of the action and until further order of this court. It was further ordered that the defendants be notified that an application for temporary injunction would be heard on the 7th day of November, 1947.

It is true that in the order defendants were restrained and enjoined and in the motion to dissolve it was prayed that the restraining order and temporary injunction be dissolved, but at no time was there any temporary injunction, as that term is used in our practice, ever entered in this case. The only injunctive order was the order made when the action was begun and affidavit and bond for temporary restraining order were filed. It does not appear from the record that any hearing for a temporary injunction was ever held and on the motion to dissolve it does not appear that either party introduced any evidence, either written or oral.

Our statute, with reference to appeals from interlocutory orders, provides specifically that such appeal

may be taken from orders granting or refusing to grant, or dissolving, or overruling motions to dissolve, temporary injunctions. § 2-3218, Burns' 1946 Replacement. The statute does not, at any place, provide for appeals from interlocutory orders granting restraining orders or dissolving or overruling motions to dissolve restraining orders and we have held that the statute does not apply to restraining orders and that no appeal can be taken from an order granting or refusing a restraining order, and by the same token from an order dissolving or refusing to dissolve a restraining order. *Mason* v. *Milligan* (1916), 185 Ind. 319, 322, 114 N. E. 3; *Terre Haute, etc., R. Co.* v. *St. Joseph, etc., R. Co.* (1900), 155 Ind. 27, 30, 31, and cases cited, 57 N. E. 530.

The question is then whether the order in the case before us was a restraining order or a temporary injunction.

We have a statute which prohibits injunctions without notice but says that in cases of emergency the court may grant a restraining order until notice can be given and hearing held. § 3-2104, Burns' 1946 Replacement. Under this statute only a restraining order could have been granted when the order in this case was made.

This court has said that: "The infallible distinction between a temporary restraining order and a temporary injunction is that the former issues without notice on a showing of emergency and the latter issues only after notice and hearing." *Mason* v. *Milligan, supra,* at p. 321; *Terre Haute, etc., R. Co.* v. *St. Joseph, etc., R. Co., supra,* at p. 30. It is true, as we have shown above, that the term "temporary injunction" was used somewhat carelessly and indiscriminately in the papers and records of the case, but

this is not significant. In both of the cases above cited there were similar misnomers which were not allowed to influence the result. The substance of the order in question was looked to rather than its form or the name by which it was designated. It seems to us that the only order made in this case was a restraining order and not a temporary injunction. It was made in an emergency without notice at the time the case was filed and when it was made a hearing was ordered on the question of whether a temporary injunction should issue. When the time for hearing on the temporary injunction came nothing was done. The petition to dissolve had already been filed and there was never any hearing held upon the question of a temporary injunction. The court simply overruled the motion to dissolve "the restraining order and temporary injunction." Inasmuch as there never was a temporary injunction these words in the order are mere surplusage.

In the case of *Mason* v. *Milligan, supra,* upon the filing of the complaint a temporary order was issued without hearing or notice, and a time was fixed by the court for hearing on application for a temporary injunction. In that case as here the only order of the court was referred to by the court and the parties as both a restraining order and a temporary injunction. But it was held that this made no difference and that what was called a temporary injunction was in fact merely a restraining order and that from an order dissolving same an appeal would not lie.

This is consistent with the well established rule that the nature of a paper filed in court and the nature of the court's action thereon are determined by the substance of such paper and the order indicating the action of the court thereon and not by what they are called by the parties or the court.

We look through the designation and the form to the substance and treat the matters as what they are, rather than as what they are called.

It seems to us that looking to the statute and applying the rule of distinction between a restraining order and a temporary injunction we have here only a restraining order, and this is made doubly clear by the case of *Mason* v. *Milligan, supra.*

Only a temporary restraining order having been shown, the motion to dissolve same was not appealable and this case should be and is dismissed and ordered remanded to the trial court for disposition.

Note.—Reported in 78 N. E. 2d 161.