## STATE EX REL. BOARD OF MEDICAL REGISTRATION AND EXAMINATION OF INDIANA *v.* HAYES

[No. 28,654.   Filed May 3, 1950.]

*J. Emmett McManamon,* Attorney General; *Thomas L. Webber* and *George W. Hand,* Deputy Attorneys General, and *James F. Biddle,* Prosecuting Attorney, 82nd Judicial Circuit, for appellant.

*John W. Whiteleather,* of Columbia City, and *Flanagan & Miller,* of Fort Wayne, for appellee.

JASPER, C. J.—This is an appeal from an interlocutory order denying a temporary injunction, under § 63-1311, Burns' 1943 Replacement.

Appellant brought this action to enjoin appellee from engaging in the practice of medicine without a license. An application for a restraining order against appellee was granted, and a notice of application for a temporary injunction was issued. On February 10, 1950, the restraining order was dissolved without notice to the Attorney General. On February 18th the petition for the temporary injunction was heard by the court, evidence was introduced on the issue, and the court entered an order denying the temporary injunction.

The sole question presented is the alleged error assigned in denying appellant a temporary injunction. Such assignment is proper to present the question on appeal. *Koss* v. *Continental Oil Co.* (1944), 222 Ind. 224, 52 N. E. 2d 614.

It is necessary to bear in mind the distinction between a restraining order, a temporary injunction, and a permanent injunction. This court has held that a restraining order is issued without notice and upon an emergency, and that the granting or denial of the same is not appealable. A temporary injunction is issued upon notice and hearing, and is appealable to this court. A permanent injunction is appealable to the Appellate Court. *Town of Wakarusa* v. *Bechtel* (1948), 226 Ind. 101, 78 N. E. 2d 161; *Swaim* v. *City of Indianapolis* (1930), 202 Ind. 233, 238, 171 N. E. 871, 173 N. E. 287; *Mason* v. *Milligan* (1916), 185 Ind. 319, 114 N. E. 3.

This court has held that the practice of chiropractic is practicing medicine, and that the State may, by

appropriate legislation, regulate the practice of medicine and restrict the same to those who have been licensed by it. *State ex rel. Board, etc.* v. *Cole* (1939), 215 Ind. 562, 20 N. E. 2d 972.

Since the verified complaint reveals that appellee was practicing chiropractic without a license, the application for a temporary injunction was properly presented to the lower court under § 63-1311, Burns' 1943 Replacement, which reads as follows:

" 'Practice of medicine' defined—Injunction to restrain unlicensed practicing.—To open an office for such purpose or to announce to the public in any way a readiness to practice medicine in any county of the state, or to prescribe for, or to give surgical assistance to, or to heal, cure or relieve, or to attempt to heal, cure or relieve those suffering from injury or deformity, or disease of mind or body, or to advertise, or to announce to the public in any manner a readiness or ability to heal, cure or relieve those who may be suffering from injury or deformity, or disease of mind or body, shall be to engage in the practice of medicine within the meaning of this act: Provided, That nothing in this act shall be construed to apply to or limit in any manner the manufacture, advertisement or sale of proprietary medicines. It shall also be regarded as practicing medicine within the meaning of this act, if any one shall use in connection with his or her name, the words or letters, 'Dr.,' 'Doctor,' 'Professor,' 'M.D.,' or 'Healer,' or any other title, word, letter, or designation intending to imply or designate him or her as a practitioner of medicine or surgery in any of its branches: Provided, however, That this law shall be construed as applying only to those persons who pretend, claim, assert or advertise that they diagnose, or in any manner physically treat human disease, injury or deformity, and shall not apply to those who endeavor to prevent or cure disease or suffering by spiritual means or prayer: And, provided, That this law shall not be construed to prevent

any person who now holds or may hereafter obtain and hold a lawful license to practice any profession, calling or vocation from practicing such profession, calling or vocation in accordance with the terms of such license: And, provided, further, That this act shall not be construed to apply to nonitinerant optometrists who are at this time engaged in, or who may hereafter engage in the practice of optometry in this state, nor to professional or other nurses, nor first aid or pharmacists in their professional duties. The attorney-general, prosecuting attorney, the state board of medical registration and examination, or any citizen of any county where any person shall engage in the practice of medicine, as herein defined, without having first obtained a license so to do, may, in accordance with the laws of the state of Indiana governing injunctions, maintain an action in the name of the state of Indiana to enjoin such person from engaging in the practice of medicine, as herein defined, until a license to practice medicine be secured. And any person who has been so enjoined who shall violate such injunction shall be punished for contempt of court: Provided, That such injunction shall not relieve such person so practicing medicine without a license from a criminal prosecution therefor as is now provided by law, but such remedy by injunction shall be in addition to any remedy now provided for the criminal prosecution of such offender. *In charging any person in a complaint for injunction, or in any affidavit, information or indictment, with a violation of this law by practicing medicine, surgery or obstetrics without a license, it shall be sufficient to charge that he did, upon a certain day and in a certain county, engage in the practice of medicine, he not having any license to so do, without averring any further or more particular facts concerning the same.*" (Our italics.)

The evidence revealed that on May 2, 1949, appellee was practicing chiropractic in Columbia City, Whitley County, Indiana, and was called a "Drugless Physician"; that one of the witnesses went to Dr. Hayes'

office for treatment of an injury; that there were several people ahead of her in the waiting room of appellee; that appellee, after interviewing the witness, gave an adjustment on her spine and neck, and that she paid for the treatment; that one of the exhibits shows that appellee held himself out as "Dr. Joseph W. Hayes, Chiropractor."

Appellee testified that he practiced with a doctor in Fort Wayne in the summer of 1941, and opened his office in Columbia City on September 5, 1941; that he had two years' training at a chiropractic college; that in his practice he does not use medicine, nor do surgery, nor practice obstetrics; that he is purchasing equipment, his home, and his office.

The Clerk of the Whitley Circuit Court testified that he has charge of all of the records relative to the issuance of licenses to practice medicine in any of its forms in Whitley County, and that, after an examination of the drugless license record and the regular license record, he found that appellee does not have a license; that any license issued to chiropractors would be in those records; and that they are the only records pertaining to licenses for the practice of healing arts.

Appellant then introduced as an exhibit the verified complaint for injunction, including the application for restraining order, and notice of application for temporary injunction; and, as a further exhibit, the restraining order issued by the court and the return of the sheriff thereon.

The above, in substance, was all of the evidence introduced by appellant and appellee, and is undisputed and uncontradicted.

The above evidence is set out so that this court can review it for the purpose of deciding whether or not the lower court was arbitrary or abused its discretion. We cannot weigh the evidence.

Appellee contends that the denying of the temporary injunction was entirely within the sound discretion of the trial court, and should not be disturbed. In *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 14, 12 N. E. 2d 752, 754, the court said:

"Judicial discretion is the option which the judge may exercise between the doing and the not doing of a thing, the doing of which cannot be demanded as an absolute right of the party asking it to be done. An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal. Bowers' Judicial Discretion of Trial Courts (1931), §§ 10 to 12.

"In determining whether there was any abuse of discretion on the part of the court below it is important to have in mind a clear understanding of the facts upon which it acted."

In *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 686, 77 N. E. 2d 116, 119, the court said:

"It is the law of this state that a *prima facie* case must always prevail in the absence of countervailing proof or in other words where the evidence in the record is all one way its effect becomes a matter of law even in favor of the plaintiff to recover."

See, also, *First Nat. Bank* v. *Farmers, etc.* (1908), 171 Ind. 323, 86 N. E. 417; *Dockerty* v. *Hutson* (1890), 125 Ind. 102, 25 N. E. 144; *Carver* v. *Carver* (1884), 97 Ind. 497; *Riley* v. *Boyer* (1881), 76 Ind. 152.

Since the evidence in this case is undisputed and uncontradicted that appellee is practicing medicine with-

out a license, the court had no discretion, but, as a matter of law, should have granted the temporary injunction. *Perry Public Library Ass'n et al.* v. *Lobsitz et al.* (1913), 35 Okla. 576, 130 Pac. 919; *Taylor et al.* v. *F. E. C. Ry. Co.* (1907), 54 Fla. 635, 45 So. 574.

It was error to deny the temporary injunction.

Judgment reversed, with instructions to the trial court to grant the temporary injunction.

NOTE.—Reported in 91 N. E. 2d 913.