STATE EX REL. BOARD OF MEDICAL REGISTRATION & EXAMINATION *v.* HENRY.

[No. 28,732. Filed March 20, 1951.]

220

*J. Emmett McManamon,* Attorney General; *Thomas L. Webber* and *Robert C. Walsman,* Deputy Attorneys General, for appellant.

*Theodore Smith,* of Lafayette, and *James D. Harrison,* of Indianapolis, for appellee.

JASPER, J.—This is an appeal from an interlocutory order denying a temporary injunction, under § 63-1311, Burns' 1943 Replacement.

Appellant brought this action to enjoin appellee from engaging in the practice of medicine without a license. On April 11, 1950, a hearing on the application for a temporary injunction was held by the court, evidence was introduced on the issue, and the court entered an order denying the temporary injunction.

The sole question presented is the alleged error assigned in denying appellant a temporary injunction. Such assignment is proper to present the question on appeal. *Koss* v. *Continental Oil Co.* (1944), 222 Ind. 224, 52 N. E. 2d 614.

This court has held that the practice of chiropractic is the practice of medicine, and that the State may, by appropriate legislation, regulate the practice of medicine and restrict the same to those who have been licensed by it. *State ex rel. Board, etc.* v. *Hayes* (1950), 228 Ind. 286, 91 N. E. 2d 913.

The verified complaint alleges that appellee was practicing medicine without a license. The application

for a temporary injunction was properly presented to the trial court under § 63-1311, Burns' 1943 Replacement, *supra,* which reads as follows:

" 'Practice of medicine' defined—Injunction to restrain unlicensed practicing.—*To open an office for such purpose or to announce to the public in any way a readiness to practice medicine in any county of the state, or to prescribe for, or to give surgical assistance to, or to heal, cure or relieve, or to attempt to heal, cure or relieve those suffering from injury or deformity, or disease of mind or body, or to advertise, or to announce to the public in any manner a readiness or ability to heal, cure or relieve those who may be suffering from injury or deformity, or disease of mind or body, shall be to engage in the practice of medicine within the meaning of this act:* (Emphasis supplied.) Provided, That nothing in this act shall be construed to apply to or limit in any manner the manufacture, advertisement or sale of proprietary medicines. It shall also be regarded as practicing medicine within the meaning of this act, if any one shall use in connection with his or her name, the words or letters, 'Dr.,' 'Doctor,' 'Professor,' 'M.D.,' or 'Healer,' or any other title, word, letter, or designation intending to imply or designate him or her as a practitioner of medicine or surgery in any of its branches: Provided, however, That this law shall be construed as applying only to those persons who pretend, claim, assert, or advertise that they diagnose, or in any manner physically treat human disease, injury or deformity, and shall not apply to those who endeavor to prevent or cure disease or suffering by spiritual means or prayer: And, provided, That this law shall not be construed to prevent any person who now holds or may hereafter obtain and hold a lawful license to practice any profession, calling or vocation from practicing such profession, calling or vocation in accordance with the terms of such license. . . . The attorney-general, prosecuting attorney, the state board of medical registration and examination, or any citizen of any county where any person shall engage in the practice of medicine, as herein de-

fined, without having first obtained a license so to do, may, in accordance with the laws of the state of Indiana governing injunctions, maintain an action in the name of the state of Indiana to enjoin such person from engaging in the practice of medicine, as herein defined, until a license to practice medicine be secured. And any person who has been so enjoined who shall violate such injunction shall be punished for contempt of court: Provided, That such injunction shall not relieve such person so practicing medicine without a license from a criminal prosecution therefor as is now provided by law, but such remedy by injunction shall be in addition to any remedy now provided for the criminal prosecution of such offender. *In charging any person in a complaint for injunction, or in an affidavit, information or indictment, with a violation of this law by practicing medicine, surgery or obstetrics without a license, it shall be sufficient to charge that he did, upon a certain day and in a certain county, engage in the practice of medicine, he not having any license to so do, without averring any further or more particular facts concerning the same."* (Emphasis supplied.)

Appellant contends that the undisputed and sole and only evidence introduced revealed that appellee was practicing medicine without a license; and appellee argues that the denial of the temporary injunction was entirely within the sound discretion of the trial court and should not be disturbed.

The evidence revealed that appellee maintained an office with a reception room and treatment room at 1218 Kossuth Street, in Lafayette; that there was an examination table, chairs, and the usual furniture found in the office of a professional man; that on the outside of the premises there was a sign with the lettering "R. W. Henry Chiropractor"; that the investigator for appellant had visited the premises and that this sign was on the premises on August 29, 1948. The evi-

dence further revealed that appellee had no license to practice chiropractic, and that on August 23, 1948, one of the dates charged in the verified complaint, a witness called at the office of appellee for treatment; that he was acquainted with appellee, and identified appellee in the court room; that the witness was in the reception room and treatment room, and while there informed appellee that he was suffering with headache and pains through his shoulder, and asked appellee whether he could relieve him of these pains; that the witness removed his shirt, at appellee's request, and appellee ran his hands up and down his back and across his shoulders, explaining that the bone structure of a person's back and spine was such an intricate mechanism that he would not want to furnish any treatment until such time as X-rays proved there was cause for treatment, or the nature of the treatment needed. The witness brought away from appellee's office a pamphlet extolling the benefits of chiropractic treatment, at the bottom of page one of which was printed the words "R. W. Henry, D.C.," and at the bottom of the last page of which was the following:

"R. W. HENRY, D.C.
Scientific Chiropractic
NCM and X-ray
Phone 4941
1218 Kossuth Street, Lafayette, Indiana"

The witness further testified that he was a photographer, and that he took a picture of the entrance to appellee's office, showing the sign, and made proper identification of the photograph. Also admitted into evidence was the pamphlet above referred to.

The verified complaint, with the two supporting affidavits, was introduced and admitted into evidence.

The Clerk of the Tippecanoe Circuit Court testified that he had the custody and care of the records relating to the issuance of licenses to practice medicine in any of its forms in Tippecanoe County, and that, after examining the record for drugless physicians' licenses and the regular physicians' license record, he found that appellee did not have a license; that any license issued to a chiropractor in that county would appear in those records, as they are the only records pertaining to the practice of the healing arts.

Appellee's sole evidence was the deposition of Dr. Paul R. Tindall, Secretary of the State Board of Medical Registration and Examination. The deposition showed that, as Secretary, he signed the affidavit to the complaint for injunction; that he was not personally acquainted with Russell W. Henry, had never visited his office, and never had any knowledge as to the practice of Russell W. Henry, except the information that was produced before the State Board of Medical Registration and Examination; that he was instructed by such Board to sign the affidavit; that the schedule of minimum requirements to be met by applicants to practice chiropractics is the same as for medical colleges; that, in so far as the witness knew, the Board has a form to be used by applicants who apply for an examination for admission to practice chiropractics, and that it is the same form that is used in applying for admission to practice medicine; that a chiropractor can receive a license to practice in Indiana if he meets the same requirements as medical men; that there is no examination held exclusively for graduates of chiropractic colleges, whether such college is on the approved list or not; that an applicant could be admitted if he met the same requirements as would be required of a doctor of medicine; that a man, to take the examination, must be a graduate of an approved

college; that as far as he knew there are no graduates of chiropractic colleges who have been permitted to take an examination conducted by the Medical Board since 1927; that the Medical Board is a composite board organized for the purpose of taking care of all systems of medicine.

The above, in substance, was all of the evidence introduced by appellant and appellee, and is undisputed and uncontradicted.

This court cannot weigh the evidence, but can only review the evidence for the purpose of deciding whether or not the trial court was arbitrary or abused its discretion. It is only the alleged abuse of the trial court's discretion which is reviewable upon appeal. *Tuf-Tread Corp.* v. *Kilborn* (1930), 202 Ind. 154, 172 N. E. 353; *State ex rel. Board, etc.* v. *Hayes, supra.*

The evidence showed that appellee was practicing medicine within the definition of the "practice of medicine," as defined by the Legislature in § 63-1311, Burns' 1943 Replacement, *supra.* This court said in the *Hayes Case* that if the evidence is undisputed and uncontradicted that appellee was practicing medicine without a license, the court had no discretion but, as a matter of law, should have granted the temporary injunction.

Appellee further contends that, since this case is in equity, the State of Indiana was required to do equity; that the testimony of the Secretary of the Medical Board showed that the Board was administering the law in a discriminatory manner, and appellant therefore had not done equity and did not come into court with clean hands, and hence was not entitled to injunctive relief.

Section 63-1306, Burns' 1943 Replacement (1949 Supp.), along with § 63-1312, Burns' 1943 Replacement,

gives to the Medical Board the right to make rules and regulations and to prescribe the minimum requirements for examination for license to practice medicine and the minimum requirements for the approval of medical colleges. The statute exempts an applicant for a license to practice chiropractic from taking an examination in materia medica, surgery, and obstetrics. Under § 63-1306, *supra,* appellant is required by the Legislature to establish and record in a record kept by it for that purpose a schedule of minimum requirements which must be complied with by applicants for examination for license to practice medicine, and also the minimum requirements for the recognition of medical colleges. These requirements have been met by Rules 7, 31, 39, and 50 of the Board of Medical Registration and Examination. Appellee does not show that he ever applied for examination, and he fails to show that appellant has applied to him standards different from those fixed by the law and the duly adopted rules and regulations, the reasonableness of which he does not challenge. Appellee thus fails to show that he, himself, has been injured, prejudiced, or harmed by any action of the Medical Board, or that the conduct of the Board has in any manner affected him personally. To avail appellee, wrongful conduct on the part of the Board must be proved to have affected appellee, himself. See 2 Pomeroy, *Equity Jur.* (5th Ed.), § 399, p. 99. The evidence of appellee was not sufficient to show that appellant was not doing equity and did not come into court with clean hands.

The evidence is undisputed and uncontradicted that appellee was practicing medicine without a license. The court had no discretion, but, as a matter of law, should have granted the temporary injunction. *State ex rel. Board, etc.* v. *Hayes, supra.*

It was error to deny the temporary injunction.

Judgment reversed, with instructions to the trial court to grant the temporary injunction.

NOTE.—Reported in 97 N. E. 2d 487.