INDIANA ALCOHOLIC BEVERAGE COMMISSION *v.* PROGRESSIVE ENTERPRISES, INC., D/B/A CIRCUS LOUNGE.

[No. 871S228. Filed September 12, 1972.
Rehearing denied December 15, 1972.]

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellant.

*James W. Bradford, Stephen M. Coons, Paul R. Lustgarten, Bradford & Coons,* of Indianapolis, for appellee.

GIVAN, J.—This is an appeal from a temporary injunction issued by the trial court enjoining the appellant from denying the appellee a license to sell alcoholic beverages until further proceedings in the trial court.

The record reveals the following facts:

The appellee held a license to retail beer, wine and liquor for a number of years prior to filing its application for renewal on or about April 15, 1971. Its license was due to expire May 11, 1971. The application was accepted by the Indiana Alcoholic Beverage Commission, advertised and forwarded to the Marion County Local Liquor Board for investigation. Due to an alleged violation by the appellee of the Alcoholic Beverage Laws, no immediate action was taken by the Marion County Board.

On or about May 5, 1971, the appellee requested the appellant to issue an operating letter to permit it to continue in operation pending the renewal application. The appellant

issued the operating letter which permitted the appellee to operate until June 17, 1971.

On June 16, 1971, appellee received a letter from appellant purporting to revoke its license retroactively to April 20, 1971. Appellee immediately filed an appeal from this decision in the Marion Superior Court, Room No. 3, under Cause No. S 371 618. At the same time the appellee applied for a restraining order without notice against the appellant permitting the appellee to operate pending an appeal of the revocation order.

On June 23, 1971, the appellant entered an order rescinding its revocation of appellee's permit and filed a motion to dismiss appellee's appeal in the Marion Superior Court.

On June 24, 1971, the appellant entered an order withdrawning appellee's application for a renewal of its license from the Marion County Local Liquor Board and ordered that a hearing be held concerning the truthfulness of answers to questions on the application. Such hearing was held on July 8, 1971.

On July 12, 1971, appellee supplemented its renewal application with an amended form supplying omitted answers to certain questions.

On July 14, 1971, the appellant mailed its finding of facts and conclusions of law denying a renewal permit to the appellee.

On July 15, 1971, the appellee filed its petition for a review of said order in Marion Superior Court, Room No. 3, Cause No. S 371 819.

On July 16, 1971, appellee filed a verified petition for a restraining order without notice which was granted and the matter set for hearing. A hearing was held July 21, 1971, following which the court entered an order from which this appeal was taken.

The appellee challenges the jurisdiction of this Court stating that this is an attempted appeal from a temporary re-

straining order, which is not appealable. However, we would point out that following the issuing of the temporary restraining order notice was given and a hearing held prior to the issuance of the order from which this appeal is taken. The fact that the second order by the trial court was denominated a temporary restraining order does not make it so. It is the substance of the order which controls, not its caption, and an order which is entered after notice and an evidentiary hearing, as in the case at bar, is in fact a preliminary injunction from which an appeal will lie. *State ex rel. Board of Medical Registration* v. *Hayes* (1950), 228 Ind. 286, 91 N. E. 2d 913; *Town of Wakarusa* v. *Bechtel* (1948), 226 Ind. 101, 78 N. E. 2d 161. Appellee also argues the appeal is premature because the trial court has never ruled on a motion to dismiss and dissolve the injunction.

The governing statute is found in *Burns' Ind. Stat., 1968 Repl.*, § *4-214.* This statute specifically provides for appeals from ". . . interlocutory orders granting or refusing to grant, or dissolving or overruling motions to dissolve temporary injunctions." In view of this language, we hold that the appellant may maintain this appeal from the granting of the temporary injunction.

The appellee cites several cases for the proposition that although he may not have a property right in the license itself, that he does have a property right in the use and enjoyment of the license issue. *Midwest Beverage Company* v. *Gates* (1945 N. D. Ind.), 61 F. Supp. 688; *Kaplan* v. *Craig et al.* (1954), which was an unreported case in the United States District Court, Southern District of Indiana, wherein a three-judge panel so held; *Bell* v. *Burson* (1971), 402 U.S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90. However, there is a difference between the facts in the cases cited by appellee and the facts of this case. In the cases cited by appellee the question was on a revocation of a permit which had not yet expired, and the holding is that the court may restrain the Administrative agency from carrying out such revocation

pending the judicial review. In the case at bar the regularly issued permit expired May 11, 1971. The Board by letter continued the permit until June 17, 1971. Thus by the time the trial court held its hearing on July 21, 1971, and issued the temporary injunction from which this appeal is taken, the appellee had no pending authority whatever to continue in business.

This Court has recently said that the separation of power doctrine is offended when a trial court attempts to extend the time of a permit through a stay pending judicial review which has the effect of granting a renewal permit. *State ex rel. Indiana Alcoholic Beverage Commission* v. *Lake Superior Court, Room 4 et al.*, (1972), 259 Ind. 123, 284 N. E. 2d 746, 32 Ind. Dec. 21.

The decision of the trial court is, therefore, reversed and this cause remanded to said court with instructions to proceed with the pending case not inconsistent with this decision.

Arterburn, C.J., Hunter and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—The appellee-tavern held an alcoholic beverage permit issued by the appellant-commission for the period of May 11, 1970, to and including May 10, 1971. Since the permit was due to expire on May 11, 1971, appellee-tavern filed its application for renewal prior to that expiration date, on April 15, 1971. On July 12, 1971, the appellant-commission denied this application for renewal of the annual license in the following order:

"WHEREFORE, it is ORDERED by the Indiana Alcoholic Beverage Commission that the application of Progressive Enterprises, Inc. d/b/a Circus Lounge for an alcoholic beverage permit with respect to premises located at 3070 Lafayette Road, Indianapolis, Indiana, for the period May 11, 1971 to and including May 10, 1972 is hereby denied."

On July 15, 1971, appellee-tavern filled its petition for review of this order in the Marion Superior Court Room No. 3. In so doing, appellee was exercising its right, specifically granted by I.C. 1971, 7-2-3-3, being Burns § 12-549, to seek judicial review of this order. At all times relevant to this case, that statute read as follows: ·

> "Whenever any application for the issuance or renewal of any permit to sell any alcoholic beverage at retail (except a temporary alcoholic beverage permit issued under the provisions of section 12 of Chapter 226 of the Acts of 1935, as amended) is denied by the Indiana Alcoholic Beverage Commission, the applicant may seek judicial review thereof by following the applicable provisions of the Administrative Adjudication Act, Acts 1947, Chapter 365, as amended."

On July 21, 1971, the trial court made the following order *pendente lite:*

> "IT IS THEREFORE ORDERED that the Court's restraining Order of July 16, 1971 issued to the Indiana Alcoholic Beverage Commission is hereby continued until further Order of this Court and the Indiana Alcoholic Beverage Commission is hereby Restrained from denying Plaintiff's license and interfering with the operation of Plaintiff's business until further proceedings are had in this Court."

I agree that this order, made by the trial court, cannot be legally categorized by merely examining the caption or name given it by the court and that it is rather the substance of the order and the nature of the court proceedings leading up to it that define its legal character. I agree with the majority that it is not a temporary restraining order. On the other hand, I do not agree with the conclusion of the majority that it is a temporary injunction. It is properly viewed as a stay order, issued by the trial court after a hearing, staying the agency's action denying an annual renewal of the license, pending judicial review. So properly viewed, this order is unquestionably lawful, and the power to make the order is specifically granted to the trial court by I.C. 1971, 4-22-1-17, being Burns § 63-3017 (section 17 of the Administrative Ad-

judication Act), made applicable to this type of judicial review by Burns § 12-549 quoted above. Burns § 63-3017, reads as follows:

"Where a petition for judicial review is filed as provided in this act in a matter other than an assessment or determination of tax due or claimed to be due the state, and *where the law concerning the agency whose order or determination is being reviewed does not preclude a stay of such order by the court, the person seeking such review may seek such action by filing a verified petition for an order of court staying the action of the agency pending decision by the court.* If the court in which said petition is filed, or the judge thereof in vacation, finds that said petition for review and said petition for a stay order show a reasonable probability that the order or determination appealed from is invalid or illegal, said court or the judge thereof may enter an order staying the order or determination pending final decision of the court on said review, upon the filing of a bond conditioned upon the due prosecution of said proceeding for review, and that the petitioner will pay all court costs and abide by the order or determination of the agency in question if it is not set aside. Said bond shall be in such amount and with surety to the approval of the court but the penal sum shall not be less than five hundred dollars.

Where the determination of the agency is a revocation or suspension of a license and the law governing the agency permits a staying of the action of the agency by court order pending judicial review, any stay so ordered shall be effective during the period of review and any appeal therefrom and until finally determined, unless otherwise ordered by the court in which such review or appeal therefrom is pending. If the stay is granted as herein provided and the determination of the agency approved on final determination, the revocation or suspension of the license shall then immediately become effective." (Emphasis added.)

I therefore conclude that once having determined the nature of the trial court's order and the applicable statutes, the issue in this case is whether or not the Alcoholic Beverage Act precludes a trial court from issuing a stay order pending court review of a refusal of the Alcoholic Beverage Commission to renew an annual retail alcoholic beverage permit. The only language in the Alcoholic Beverage Act which could serve to

"preclude a stay of such order by the court" is contained in section 11 of the Act:

"(a) No person shall be deemed to have any property right in any beer wholesaler's permit, beer retailer's permit, beer dealer's permit, liquor wholesaler's permit, liquor retailer's permit, liquor dealer's permit, wine wholesaler's permit, wine retailer's permit or wine dealer's permit, nor shall said permit itself or the enjoyment thereof be considered a property right.

(b) All liquor retailer's permits, liquor dealer's permits, wine retailer's permits, wine dealer's permits, malt beverage retailer's permits, and malt beverage dealer's permits shall be issued, suspended or revoked in the absolute discretion and judgment of the commission. *No court shall have jurisdiction of any action, either at law or in equity, to compel the issuance of any such permit, or to revoke, annul, suspend or enjoin any action, ruling, finding or order of the commission suspending or revoking any such permit,* and the consent of the sovereign state of Indiana is hereby expressly withdrawn and denied in any such action, either at law or in equity.

(c) All permits heretofore issued before the effective date of this act shall terminate, become null and void one (1) year, including the date on which the same may be issued, after the time of issuance, whether the same be issued pursuant to law, rule or regulation, or otherwise. All permits issued by the commission shall be in force for one (1) calendar year only, including the day upon which the same is granted, and at the expiration of said year, such permits shall be fully expired, null and void." (Emphasis added.)

The trial court order here was not intended to "compel the issuance of any such permit" nor was it intended to effect any order of the Commission suspending or revoking a permit. Involved here is an order to stay the effect of an order refusing to renew an annual permit. The statute clearly considers issuance, renewal, suspension and revocation to be different types of board action. And clearly they are. I therefore conclude that since this stay order is not specifically precluded by the Alcoholic Beverage Act, it is authorized by the Administrative Adjudication Act. Since the trial court was acting

in accordance with the express legislative mandate contained in the Administrative Adjudication Act, his order should be affirmed. I so vote.

NOTE.—Reported in 286 N. E. 2d 836.