RUDOLPH J. SZANY AND JOSEPH S. SZANY *v.*
CITY OF HAMMOND ET AL.

[No. 3-575A100. Filed September 1, 1976.]

*George Glendening,* of Hammond, for appellants.

*John R. Stanish,* City Attorney, *Stephen E. McIlwain,* Assistant City Attorney, of Hammond, for appellees.

GARRARD, J.—Appellants (Szany) commenced this action to enjoin the city from demolishing two buildings for the pur-

---

ported failure of the buildings to comply with requirements of the Building Code of the City of Hammond. A temporary injunction[1] was granted and protracted proceedings followed. On February 28, 1975, as the result of a hearing, the court made the following entry:

> "The court therefore concludes the restraining order heretofore entered should be extended to April 15, 1975; that the plaintiffs should renew their bond herein and that *upon* the *failure* of the plaintiffs to bring the property into full compliance, the restraining order shall terminate on said date, April 15, 1975." (Our emphasis)

On April 17, 1975, the city filed an affidavit of the city building commissioner which asserted that he had visited each building and found certain work incomplete. This was followed with an enumeration of items as to each building. The Building Code of the City of Hammond was not in the record. The affidavit contains no reference to any provisions of the building code that may have been violated nor to the sanctions for such violations. When the affidavit was filed, the court summarily dissolved the injunction. In so doing, the court erred.

The order of February 28, 1975, did not automatically terminate the injunction on April 15 as the city contends. It qualified the potential termination by providing that it should occur *if* the plaintiffs failed to bring the properties into compliance.

Under such circumstances, the authorities are in agreement that the parties are generally entitled to notice and the opportunity to be heard before an injunction may be dissolved. *See,* 4 Harvey & Townsend: *Indiana Practice* § 65.10, p. 396; 42 Am. Jur. 2d, *Inj.* § 329. This was the practice under our law prior to adoption of the present rules of procedure, and

---

1. Although the court referred to a "restraining order," this is a misnomer. Under Indiana practice, temporary injunctions are contrasted to restraining orders without notice. The difference is that the latter are issued without notice or hearing. *Town of Wakarusa* v. *Bechtel* (1948), 226 Ind. 101, 78 N.E.2d 161. The distinction was retained in Indiana Rules of Procedure, Trial Rule 65.

the comments of the Civil Code Study Commission to TR. 65 indicate there was no intent to change the prior practice.

The early case of *Spicer* v. *Hoop* (1875), 51 Ind. 365, stated at page 371:

> "We think, also, that on a motion to dissolve *each* party may read affidavits; and in such case *it does not follow, necessarily,* that where the defendant has answered under oath, denying the equity, he is entitled to have the injunction dissolved." (Our emphasis)

Under the manner in which the order before us was drawn, it was incumbent upon the movant for dissolution to establish the basis for dissolving the injunction. The plaintiffs were entitled to notice and opportunity to respond.

Reversed.

Robertson, C.J., participating by designation, concurs; Staton, P.J., concurs.

NOTE.—Reported at 352 N.E.2d 866.